UNITED STATES of America

v.

Bill CAMPBELL et al.

Cr. A. No. 6780.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 4, 1964.

John H. Reddy, U. S. Atty., Chattanooga, Tenn., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Edwin L. Treadway, Kingsport, Tenn., for defendants.

NEESE, District Judge.

In advance of his arraignment herein, the defendant Mr. Campbell moved to dismiss the indictment against him herein on the ground of the defect of misnomer. Rule 12(b)(2), Federal Rules of Criminal Procedure. The Grand Jury returned the indictment, as to this defendant, against "Bill Campbell". He supports his motion with his own affidavit and those of his father and a neighbor, setting forth the facts that his true name is Charles Andrew Campbell, that he has been known as "Charles Campbell", but that he has never been known as "Bill Campbell". This defendant signed his affidavit of indigency and application for counsel as Andrew Campbell.

The question presented is whether such defect in the indictment affects the sub-stantial rights of the defendant. If not, the defect is to be disregarded. Rule 52 (a), Federal Rules of Criminal Procedure.

One of the protections which an indictment is intended to guarantee to a defendant is that " ' * * * in case any other proceedings are taken against him for a similar offense, * * * the record [will show] with accuracy to what extent he may plead a former acquittal or conviction.' [Citations]." Russell v. United States (1962), 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240, 250, 251 (headnote 8). There is a distinction between the misnomer of a defendant and the misnomer of a nondefendant in an indictment. In the latter case, " * * * (w)here a person is known as well by one name as by another, the indictment may allege either name. * * * " 27 Am.Jur. 651, Indictments and Information, section 79; Miles v. United States (1881), 103 U.S. 304, 26 L.Ed. 481, 484. But, " * * * it has long been the general rule that any substantial misnomer * * * in either the Christian name or the surname of the accused in the charging part of the accusation [in an indictment] vitiates it. * * * ." 27 Am.Jur., supra.

In view of the affidavits which are now a part of this record, if the defendant Charles Andrew Campbell were charged in a subsequent proceeding with offenses similar to those with which he is now charged, this record is not sufficiently accurate to enable him to plead a former conviction or acquittal herein. In other words, if he could show, as he has now, that "Bill Campbell" is not Charles Andrew Campbell, it is obvious that he could not show on a subsequent prosecution that "Bill Campbell" was, in fact, Charles Andrew Campbell.

Without amendment, the defendant, undoubtedly, is entitled to a dismissal of the indictment. An accused person has the right to have the record show his proper name. Morgan v. Aderhold, C.C.A. 5th (1934), 73 F.2d 171, 173 [7, 8]. Subsequent to the filing of the

defendant's dismissal motion, however, the prosecuting attorneys have moved to amend the indictment in this action as to the defendant named therein as Bill Campbell, so as to reflect his true name, Charles Andrew Campbell.

" * * * (A)n indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form. * * * " Russell v. United States, supra, 369 U.S. at p. 770, 82 S.Ct. p. 1050, 8 L.Ed.2d at p. 255 (headnote 16). " ' * * * A name is not of the substance of an indictment. And a person may well be indicted, without the mention of any name, and designating him as a person whose name is to the grand jurors unknown.'

"[4] Since the defendant [will be] in no wise misled or prejudiced in any degree whatever by [a] change [of the name Bill Campbell to the name Charles Andrew Campbell in the indictment] and no substantive right [of this defendant will be] affected thereby, it is clear that the name by which [this defendant] was indicted could have nothing to do with the question of his guilt, the character of the offense[s], the nature or degree of criminality or punishment attached to [them], or with the evidence which should be sufficient to warrant conviction. Therefore the change [requested herein is] only one of form." United States v. Fawcett, C.A.3rd (1940), 115 F.2d 764, 767 [3-4].

The motion of the prosecuting attorneys to amend the indictment by changing the name Bill Campbell therein to Charles Andrew Campbell hereby is granted, and the Court has so changed the name of Bill Campbell everywhere it appears therein to Charles Andrew Campbell by interlineation.

On the defendant's affidavit of indigency and application therefor, Edwin L. Treadway, Esq., was appointed by the Court as counsel for this defendant. In overruling this defendant's motion to dismiss the indictment, as to him, the Court commends appointed counsel's thorough diligence and acute expertise to this time in such representation.