**UNITED STATES of America,
Plaintiff,**

v.

**Warren Edward OWENS et al.,
Defendants.**

**No. 3–71 Cr. 107.**

United States District Court,
D. Minnesota,
Third Division.

Nov. 19, 1971.

Robert G. Renner, U. S. Atty. by Joseph Livermore, Asst. U. S. Atty., for plaintiff.

Charles H. Williams, Jr., St. Paul, Minn., for defendant Rush.

NEVILLE, District Judge.

Four defendants have been charged in a three-count indictment involving bank robbery. The moving defendant has been named as Charles Rush, but asserts that the only name that he has ever been known by, or ever used is Garland Rush. He points out that on July 12, 1971, after his arrest, he signed his name as Garland Rush before the Magistrate regarding appointment of counsel and from this fact argues that when the government indicted one Charles Rush sometime later, it must have been referring to a person other than this moving party. He therefore urges the court to dismiss the indictment for misnomer.

The government, countering, makes a motion to amend the indictment to reflect the true name of the defendant, contending that the defect in name is a matter of form and not of substance and therefore can be amended. With this contention the court concurs.

■ Rule 7(e) of the Federal Rules of Criminal Procedure appears to permit only amendment of any information, as evidenced by the following:

"(e) Amendment of Information. The court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

It is now generally agreed, however, that amendments to an indictment as well as to information are permitted when the change concerns matters of form rather than substance. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Fawcett, 115 F.2d 764 (3d Cir. 1940); United States v. Campbell, 235 F.Supp. 94 (E.D. Tenn. 1964).

■ The crucial question here is whether allowing an amendment of the indictment so as to read Garland Rush rather than Charles Rush affects form rather than substance. It has been held that a name in an indictment is a matter of form and not substance. *Fawcett, supra*, 115 F.2d at 767; *Campbell, supra*, 235 F.Supp. at 96. This holding is given credence in light of the well accepted principle that a person may be indicted merely as John Doe until his true name becomes known and then an amendment may be allowed. *Campbell, supra* at 96.

■ Another criterion utilized in ascertaining whether the change is one of substance is whether ". . . judgment of conviction or acquittal on the indictment as drawn would be a bar to a new indictment drawn in the form in which it stood after the amendment." 27 Am.Jur. 651, Indictments and Information, section 117. A similar test is employed in *Campbell, supra* at 95 where the court allowed the indictment to be amended from Bill Campbell to Charles Andrew Campbell:

"In view of the affidavits which are now a part of this record, if the defendant Charles Andrew Campbell were charged in a subsequent proceeding with offenses similar to those with which he is now charged, this record is not sufficiently accurate to enable him to plead a former conviction or acquittal herein. In other words, if he could show, as he has now, that 'Bill Campbell' is not Charles Andrew Campbell, it is obvious that he could not show on a subsequent prosecution that 'Bill Campbell' was, in fact, Charles Andrew Campbell."

Likewise, in the case at bar, if the defendant Garland Rush were charged in a subsequent proceeding with offenses similar to those with which he is now charged, this record without an amendment is not sufficiently accurate to enable him to plead a former conviction or acquittal herein. In other words, if he can show, as now he has that "Charles Rush" is not Garland Rush, it is obvious

**1032**

that he could not show on a subsequent prosecution for the same offense that "Charles Rush" was, in fact, Garland Rush.

 A final safeguard to protect the defendant's rights is to determine whether an amendment to the indictment is prejudicial. The test used in determining possible prejudice is:

". . . whether a defense under an indictment as it originally stood would be equally available after the amendment is made, and whether any evidence the defendant might have would be equally applicable to the indictment in the one form as in the other." *Fawcett, supra,* 115 F.2d at 767

Relating this test to the instant case, the court is persuaded that the defendant is not prejudiced by allowing an amendment to the indictment to contain his true name for certainly the evidence to be produced and the defenses to be relied on are the same both before and after the amendment. Ultimately of course if defendant Garland Rush can prove he was not present at, nor a participant in, the alleged crime, obviously such is a defense and the amendment does not bar such alibi defense.