**UNITED STATES of America, Appellee,**

v.

**Douglas W. JOHNSON, Appellant.**

**No. 78–1191.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1978.

Decided June 16, 1978.

David M. Nissenholtz, St. Louis, Mo., for appellant.

Robert D. Kingsland, U.S. Atty., and James J. Barta, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Douglas W. Johnson appeals from his conviction on one count of failing to make an income tax return in violation of 26 U.S.C. § 7203, and two counts of supplying a false and fraudulent statement to his employer, in violation of 26 U.S.C. § 7205. Finding no merit in either of the grounds asserted by Johnson for reversal of his conviction, we affirm.

Johnson contends that counts II and III of the information charged him with supplying a false and fraudulent statement to his employer on or about the date of commencement of his employment, whereas the evidence proved a different date. He misconstrues the information. It charged him with supplying false and fraudulent statements on September 10, 1974, and

---

March 11, 1975, not the date of commencement of his employment. The phrase Johnson refers to was intended to identify him as an individual required to supply information to his employer under 26 U.S.C. § 3402, which is a prerequisite to liability under 26 U.S.C. § 7205. The language was not necessary to adequately charge an offense under 26 U.S.C. § 7205. *United States v. Quilty*, 541 F.2d 172, 176 (7th Cir. 1976).

 Johnson's second argument is that the district court erred in failing to rule on the government's motion to correct a typographical error in the information. Count II of the information charged that Johnson supplied a false and fraudulent statement to his employer on September 10, 1974, when in fact the date was September 1, 1974. While it may have been preferable for the court to have corrected this typographical error by amendment, *see* Fed.R. Crim.P. 7(e); *cf. Stewart v. United States*, 395 F.2d 484, 489 (8th Cir. 1968), a variance between the date in the pleading and the proof is not fatal if the proof shows that the acts charged were committed within the period of the statute of limitations and prior to the date of the information, as long as the date is not a material element of the offense, and the defendant is not prejudiced. *United States v. Powell*, 564 F.2d 256, 259 (8th Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 1449, 55 L.Ed.2d 495 (1978); *United States v. Joyner*, 539 F.2d 1162, 1164–65 (8th Cir.), *cert. denied*, 429 U.S. 983, 97 S.Ct. 499, 50 L.Ed.2d 593 (1976). Section 7205 does not make the precise time or date an essential element of the offense of supplying false information to an employer.

Although Johnson alleges that he was prejudiced by the error in the preparation of his defense, he does not provide facts which demonstrate prejudice. He and the attorney appointed to assist him had ample opportunity to become fully acquainted with the nature and scope of the government's evidence. They had actual notice of the error by service of a copy of the motion to correct. Johnson did not answer the motion, object to evidence pertaining to the date of the offense, or move for a continuance. It is difficult to see how he could have been prejudiced, since he did not present any evidence in his defense. *Cf. Gregory v. United States*, 364 F.2d 210, 213 (10th Cir.), *cert. denied*, 385 U.S. 962, 87 S.Ct. 405, 17 L.Ed.2d 307 (1966). The record establishes that the typographical error was harmless and did not affect Johnson's substantial rights.

The judgment of conviction is affirmed.