UNITED STATES of America, Plaintiff,

v.

Italo Vittorio NITTI, Defendant.

Crim. No. 89–346(PG).

United States District Court,
D. Puerto Rico.

March 23, 1990.

Jeanette Mercado Ríos, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Francisco M. Dolz Sánchez, San Juan, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Can the government file a superseding information to correct an undercalculated quantity of narcotics seized from the defendant once the court has accepted defendant's plea of guilty and referred the matter for a pre-sentencing report?

That is the sole issue presented by the proceedings in this case.

\*    \*    \*

On November 1, 1989, the government filed an information charging defendant Italo Vittorio Nitti with importation into the customs territory of the United States of approximately 360.4 grams of cocaine. On that same day, Nitti pled guilty to the charges against him and this court accepted his guilty plea. Judgment was entered

accordingly and we ordered the U.S. Probation Office to prepare a presentence investigation report.

On December 28, 1989, the government filed an informative motion advising the court that there had been a miscalculation of the quantity of cocaine involved and that Nitti was actually carrying 408.2 grams of cocaine instead of the 360.4 which had originally been charged. The sentence hearing that was to be held on January 12, 1990, was thus continued so that the government could amend the information accordingly. Later that day, the government filed a superseding information charging Italo Vittorio Nitti with knowingly, willfully, and unlawfully importing into the customs territory of the U.S. the amount of 408.2 grams of cocaine.

On January 18, 1990, defendant filed a motion to dismiss the superseding information and request that the proceedings be continued thru sentence as initially charged in the original information.[1] Defendant is of the opinion that an amendment to the information should not be permitted at this stage of the proceedings on either of two independent grounds, namely, that "the information cannot be amended after the court has accepted defendant's plea of guilty" and that such an "amendment would expose defendant to a harsher sentence" thus prejudicing substantial rights of the accused, all in violation of Fed.R. Cr.P. 7(e). We disagree.

Rule 7(e) of the Federal Rules of Criminal Procedure permits the amendment of an information at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not affected. The government's attempt to amend the information in the case at bar must thus clear two hurdles before it can be allowed.[2] First, Rule 7(e) seemingly precludes the amendment of the information in the instant case since the court had already ac-

---

1. Defendant had previously objected to the Government's attempt to amend the information through a reply filed on January 4, 1990.

2. Defendant concedes, as he must, that the superseding information does not charge "an additional or different offense," so no problem is presented under the corresponding language in Fed.R.Cr.P. 7(e).

cepted defendant's plea and therefore a "finding" of guilt had already been made. Secondly, we would have to make a specific determination to the effect that no substantial rights of the defendant are prejudiced thereby. Notwithstanding the fact that the government has failed to file a reply to let its position be known, defendant's arguments against the granting of the amendment, though seemingly meritorious at first glance, fail to pass muster when closely viewed. We address them in turn.

■ Defendant first contends, as noted above, that an "information cannot be amended after [the] court has accepted the defendant's plea of guilty and entered a finding accordingly." It is well settled, however, that the "before verdict or finding" limitation on the government's authority to amend the information applies only to amendments which relate to matters of substance rather than form. *United States v. Johnson*, 576 F.2d 1331, 1332 (8th Cir.1978). Even when faced with offenses chargeable only by indictment,[3] if the amendments sought relate only to matters of form the court may permit them at any time. *See United States v. Sobamowo*, 892 F.2d 90 (D.C.Cir.1989), *United States v. Williams*, 798 F.2d 1024 (7th Cir.1986) (trial court properly granted the government's post-verdict motion to amend the indictment to correct a typographical error), *United States v. Grady*, 544 F.2d 598, 602 (2nd Cir.1976), *United States v. Owens*, 334 F.Supp. 1030, 1031 (D.C.Minn.1971). It is only when amendments to an information concern matters of substance that they must be made before verdict or finding and then only if no additional offense is charged and substantial rights of the defendant are not prejudiced.

■ Resolution of the matter now before us hinges, then, on whether an amendment to reflect the correct quantity of cocaine seized from the defendant is to be considered one of substance or, rather, one of form. We hold, that under the circumstances of this case, such an amendment is quintessentially one of form. Our conclu-

sion is premised on the fact that the information did not have to charge a specific amount of cocaine for it to be a valid one. As long as a measurable amount of narcotics was imputed, whether it be one hundred or nine hundred grams, the information validly charged a 21 U.S.C. § 952(a) offense. Rule 7(c)(1) of the Federal Rules of Criminal Procedure warrants no different a result as it only requires that the information contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." Where, as here, the precise quantity of narcotics seized is not an "essential," *see United States v. Johnson*, 576 F.2d at 1332, or a "material" element of the offense, *see United States v. Field*, 875 F.2d 130, 133 (7th Cir.1989), as long as a determinable amount was in fact charged an amendment to reflect the correct amount may properly be considered to be one of form. Just as in cases where the government seeks to amend the information or indictment to correct dates (*Johnson* and *Williams*, supra), names (*United States v. Perez*, 776 F.2d 797 (9th Cir.1985)), or serial numbers (*Field*, supra), under the circumstances of this case an amendment to correct the quantity of narcotics is one of form and it therefore could have been made at any time during the pendency of the case.

■ Although amendments of form, by definition, must *a fortiori* have little if any effect on the substantial rights of the accused, defendant's counsel has come up with an argument which merits that we undertake such an inquiry in the instant case. Defendant submits that given the fact that under the new Sentencing Guidelines importation of 360.4 grams of cocaine is a level 22 offense (in which the court could sentence defendant to anywhere between 34 and 41 months), whereas importation of 408.2 grams ranks higher at level 24 (where the corresponding range is 41 to 51 months), "the government's so called miscalculation could technically strand the defendant in jail for an additional 18 months." This fact, the argument goes, would be

---

**3.** Indictments, as opposed to informations, can generally not be amended except by resubmis-

sion to the Grand Jury, *United States v. Beard*, 436 F.2d 1084, 1087 (5th Cir.1971).

prejudicial to the defendant's substantial right to be free from excessive punishment (and thus in violation of Fed.R.Cr.P. 7(e)), as it would expose the defendant to a harsher sentence.

Clever though it may be, however, the argument will not wash. In order for an amendment to an information to be able to have a prejudicial effect on an accused's substantial right, logic dictates that the defendant must at least have originally had a legitimate claim to that right. Although defendant has ingeniously characterized his right as a "right to be free from excessive punishment," the precise text of the applicable constitutional provision which he is presumably making reference to states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor *cruel and unusual punishments* inflicted." U.S. Const. amend. VIII (emphasis supplied). As developed by the United States Supreme Court, the constitutional doctrine under the cruel and unusual punishment clause of the Eighth Amendment to the federal Constitution does not have the scope defendant wishes to attribute to it in this case. The method by which we are to determine whether a punishment is unconstitutional because it is cruel and unusual requires courts to decide whether a sentence "constitutes one of those modes or acts of punishment considered cruel and unusual at the time the Bill of Rights was adopted," *Stanford v. Kentucky*, —— U.S. ——, 109 S.Ct. 2969, 2974, 106 L.Ed.2d 306 (1989), *Ford v. Wainwright*, 477 U.S. 399, 405, 106 S.Ct. 2595, 2599, 91 L.Ed.2d 335 (1986), or whether it is contrary to the "evolving standards of decency that mark the progress of a maturing society," *Stanford*, 109 S.Ct. at 2974, *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958).[4] Under either tine of this two-pronged approach, defendant's attempt falls well wide off the mark as it is clear that the protection afforded by the cruel and unusual punishment clause does not extend to variations in sentences of merely a few months. Accordingly, we do not long entertain an argument which can afford defendant no relief.[5]

Finally, and perhaps more importantly, we note that a quick review of the Plea Agreement signed by defendant and representatives of the office of the United States District Attorney reveals that defendant had no right to expect any sentence in particular as it reflects that defendant understood and agreed that the sentence was to be left "entirely to the sound discretion of the Court in accordance with the Sentencing Guidelines." *See* page 2 of the Plea Agreement, Dkt. # 4. Although it is true that with a level 22 offense the court

---

**4.** Justice O'Connor's concurring opinion in *Stanford* suggests that the Eighth Amendment also requires the Court to make a proportionality analysis between the punishment imposed and the defendant's blameworthiness. 109 S.Ct. at 2981–2982. Under this alternate approach, too, we would be hard pressed to accept an argument alleging that defendant's conduct in this case is deserving of a 31 month sentence but not of a 48 month term.

**5.** As an additional observation, and though once again purposely avoiding any temptation to resort to constitutional principles for the resolution of this simple aspect of the case, we add that in the Double Jeopardy context the Supreme Court has also stated that defendants "do not have a right to know at any specific moment in time what the exact limit of [their] punishment will turn out to be." *United States v. DiFrancesco*, 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980). The *DiFrancesco* statement was made in a case where the Supreme Court held that a provision of the Orga-

nized Crime Control Act of 1970 authorizing the government to appeal from the imposition of a sentence did not violate the Double Jeopardy clause of the federal Constitution even though on remand the defendant could face a harsher sentence than that which had originally been imposed. The Double Jeopardy jurisprudence is, in our opinion, particularly significant since defendant in the case at bar could have reasonably argued that permitting an amendment to the information after a plea of guilty had already been entered would have in fact constituted a second prosecution for the same offense after a conviction, *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1976), a situation which is precluded by the Double Jeopardy clause. We believe *DiFrancesco* to be sufficiently analogous, however, for us to reject an argument along those lines had it been raised in this case. Thus, even were the defendant to suffer incidental prejudice as a result of the amendment, we reiterate that it cannot be argued that substantial rights of his were prejudiced.

could sentence defendant to anywhere between 33 and 41 months and that the corresponding range for a level 24 offense is from 41 to 51 months, it is equally undisputable that defendant does not have a right to claim any particular sentence length. Although counsel argues to the contrary, until the pre-sentence report is submitted by the probation officer neither defendant nor anybody else can tell in advance what the applicable sentencing range is going to be. In fact, defendant was advised in open court that he could face a maximum sentence of twenty years in jail plus a fine of up to $1,000,000.00. The court having virtually absolute discretion in imposing a sentence within the applicable range and the accused having no right to expect any sentence in particular, no substantial right of the defendant could be affected by the amendment in any way.

In view of the foregoing, defendant's motion to dismiss the superseding information is hereby denied. Let an order issue permitting the government to amend the information in the requested respect.

IT IS SO ORDERED.