Randy D. LEACH *v.* STATE of Arkansas

CR 90-51                                      796 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered October 8, 1990
[Rehearing denied November 12, 1990.]

*Callis L. Childs*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellant.

■ DAVID NEWBERN, Justice. Randy D. Leach seeks a writ of prohibition to prevent his being tried on one conspiracy charge, and he asks that the trial court be instructed to hold an evidentiary hearing to determine whether he should be tried on another. His fundamental point is that he has been convicted on yet a third conspiracy charge and that, because all were included in a single conspiracy, it would constitute double jeopardy to try him again. We have no basis at this stage of the litigation to hold that it would constitute double jeopardy to try Leach on the one charge as to which he seeks the writ. Nor have we a basis for ordering the hearing he requests. The writ is denied.

Leach was indicted for having conspired with persons named Clements and McMillen to commit aggravated robbery of a Wal-Mart courier. He was indicted separately for conspiring, again with Clements and McMillen, to burglarize the residence of persons named Wilkinson. Leach was a named, but unindicted, conspirator with Clements and McMillen with respect to conspiracies to rob a J.C. Penny's store and Unique Fashions store.

Leach, asserting his Fifth Amendment right, declined to testify at the trials of Clements and McMillen. Leach was then charged by information with conspiring with Clements and McMillen to steal a flatbed trailer. Leach had been a named but

unindicted conspirator with respect to that offense.

The record submitted with the petition now before us contains an order, taken from the record of the proceedings against McMillen, that all of the alleged conspiracies, with the exception of that relating to the theft of the flatbed trailer, were one continuous agreement and thus should be tried as one offense as required by Ark. Code Ann. § 5-3-403 (1987). After McMillen was convicted of the one "merged" conspiracy, he was tried for the flatbed trailer conspiracy and convicted. On appeal we reversed, finding nothing in the record to support the view that the flatbed trailer conspiracy should not also have been included with the others as part of one agreement.

Leach has been tried and convicted of the Wal-Mart courier conspiracy. He contends now that the ruling in the record of the proceedings against McMillen to the effect that all of the conspiracies but the one to steal the flatbed trailer were but one agreement should prevent him from being tried for the Wilkinson conspiracy. In addition, he asks us to order the trial court to hear evidence that the flatbed trailer conspiracy was also a part of the one agreement and thus that he should not now be tried for that offense either.

At first blush, the argument that it is "inescapable" that the Wilkinson and flatbed trailer conspiracies should be treated as part of the one agreement which included the Wal-Mart conspiracy seems compelling. On reflection, however, and viewing the limited purposes of a writ of prohibition, it becomes clear that we should not grant the writ. We have no idea what the evidence in this case will show about whether the conspiracies were separate agreements. The evidence may have been clear in McMillen's trial that the agreement was continuing and encompassed all the alleged proposed crimes, but judicial notice may not be taken of the record in a separate case. *Smith* v. *Dean*, 226 Ark. 438, 290 S.W.2d 439 (1956). *See also Braswell* v. *Gehl*, 263 Ark. 706, 567 S.W.2d 113 (1978).

While it may be suspected, we cannot know the evidence will be the same in this case as it was in the McMillen case with respect to the conspiracy or conspiracies. A writ of prohibition will not be granted unless it is clearly warranted. *Reynolds* v. *Rogers*, 297 Ark. 506, 763 S.W.2d 660 (1989).

Usually we must find that the trial court lacked jurisdiction before we will order the writ. See, *e.g., Abernathy* v. *Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988), where we wrote [p]rohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction." In *Fore* v. *Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), we granted the writ, although we characterized it as "an appeal from a refusal to grant a summary judgment," where the court was not lacking in jurisdiction of the subject matter of the case or the parties. We concluded that a trial in the matter at hand would have been useless because its result would have been a foregone conclusion. That holding does not apply here, as we cannot be certain that the testimony and resulting conclusions of the trial court may not be different in Leach's case from those in McMillen's.

Leach raises other points and requests including his insistence that we order the circuit court to hold a hearing on the question of whether the flatbed trailer conspiracy was part of the one agreement. Should that charge proceed to trial, we assume Leach will be allowed to move for its dismissal at some point and to present his evidence that it was part of the conspiracy included in the one of which he has been convicted.

Leach asks us to order the circuit judge who tried all of the cases mentioned to recuse because of *ex parte* communications, and he asks that the information charging the flatbed trailer conspiracy be dismissed because it is solely the result of vindictiveness of the prosecutor toward Leach for his refusal to testify against McMillen and Clements. No authority has been cited which would empower this court to decide these matters prior to the trial court's decision of them. We assume these matters will be taken up in due course if the remaining indictment and information proceed to trial, and if they are decided adversely to Leach they may be addressed on appeal.

Writ denied.