Carroll GLOVER *v.* STATE of Arkansas

CR 91-176                                    817 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered October 21, 1991

2

*Dan Stripling,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The petitioner seeks a Writ of Prohibition for violation of the speedy trial rules. The rules have been violated and, accordingly, we grant the writ.

Petitioner was charged with the crime of rape on June 12, 1990. He was free on bond with the condition that he report weekly to a probation officer. Two and one-half months later, on August 31, 1990, counsel was appointed, and, on October 4, his trial was set for January 29, 1991. His attorney learned that his secretary was related to the victim and so he filed a motion to withdraw because of a conflict of interest. The court, without notice to the petitioner, granted the motion on December 21, 1990. In late January 1991, petitioner learned that his attorney had been allowed to withdraw. His probation officer suggested that he prepare a second affidavit to proceed in forma pauperis. The purpose of the second petition was to have another attorney appointed. Petitioner filed it on February 12. On February 22, two months after the first attorney had been allowed to withdraw, the trial court appointed a second attorney and reset the trial for July 31, 1991.

On July 1, 1991, petitioner filed a motion to dismiss since he had not been brought to trial within one (1) year. A.R.Cr.P. Rule 28.1(c). Once it has been shown that trial was scheduled to be held after the speedy trial period had expired, the State has the burden of showing that any delay was the result of the petitioner's conduct or was otherwise legally justified. *Gooden v. State,* 295 Ark. 385, 389, 749 S.W.2d 657, 659 (1988).

The State argues that the period from December 21, 1990 through February 22, 1991, the period when the appellant was without counsel, is excludable as a "period of delay for good cause." A.R.Cr.P. Rule 28.3(h). Other excludable periods are not sufficient to meet the one-year limitation, thus, the only issue is whether the time when the accused was without counsel was properly excludable.

The primary burden is on the court and the prosecutor to assure that a case is brought to trial in a timely fashion. A

defendant has no duty to bring himself to trial. *Novak* v. *State*, 294 Ark. 120, 123, 741 S.W.2d 243, 245 (1987) (citing *Barker* v. *Wingo*, 407 U.S. 514 (1972)). Here, petitioner was not aware that his trial had been set for January 29, 1991; neither was he aware that he was without counsel until approximately a month after the trial court had allowed his counsel to withdraw. On the other hand, the court knew that petitioner was without counsel and delayed appointing substitute counsel for two (2) more months. By that time petitioner had made a second request for appointed counsel.

The State contends, and the trial court found, that the two-month period is an excludable period because petitioner did not move to proceed pro se. Consequently, it is argued, he could not have gone to trial on the date it was set originally. From that basis, the State contends there was a delay for good cause. The effect of adopting such a position would be to force defendants to choose between their constitutional right to be represented by counsel and their constitutional right to have a speedy trial. In the present case petitioner would have to forfeit his right to a speedy trial because, through no fault of his own, he was not represented by counsel and was not willing to go to trial without counsel. We refuse to adopt such a position.

Speedy trial rules were not promulgated to protect only the rights of the accused. The victim and the public are also entitled to have criminal trials held promptly. *Chandler* v. *State*, 284 Ark. 560, 561, 683 S.W.2d 928, 929 (1985). To ensure compliance, the speedy trial rules provide that an accused, if not promptly tried, will be absolutely discharged. A.R.Cr.P. Rule 28.1(a), (b) and (c).

We are aware that in two prior cases we have held that the period of delay due to the appointment of new defense counsel was excludable as a delay for good cause under A.R.Cr.P Rule 28.3(h). *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982) and *Divanovich* v. *State*, 273 Ark. 117, 617 S.W.2d 345 (1981). However, both of these cases are clearly distinguishable from the case at bar. The delays in those cases were occasioned by actions taken by the defendants. In the first instance, the delay was caused by Williams' refusal to cooperate with his appointed counsel. Because of this conduct by the defendant, counsel

4

requested to withdraw and new counsel had to be appointed. In the second case, at least a portion of the delay was the result of a motion by Divanovich to disqualify the prosecuting attorney necessitating the appointment of a special prosecutor. Unlike the defendants in those cases, the petitioner in this case did nothing to cause his trial to be delayed beyond the time for a speedy trial.

The Writ of Prohibition is granted.