Mark TURBYFILL *v.* STATE of Arkansas

CR 92-1263                                    846 S.W.2d 646

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*Grisham A. Phillips*, for petitioner.

*Winston Bryant*, Att'y. Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for respondent.

JACK HOLT, JR., Justice. This is a petition for writ of prohibition filed on behalf of Mark Turbyfill, a defendant charged with felony theft of property, seeking to prevent his trial from taking place. We grant the writ.

With the filing of the charge against Turbyfill, the one year time period for a speedy trial began on July 22, 1991. Ark. R. Crim. P. 28.2(a). The state then had twelve months to bring Turbyfill to trial assuming there were no excludable periods under Ark. R. Crim. P. 28.3, or by July 21, 1992. Ark. R. Crim. P. 28.1. Turbyfill argues that the resetting of the trial from its original date of June 30, 1992, to July 27, 1992, without appropriate orders or docket entries, violates the speedy trial rule because it falls outside the one year period to perfect trial. We agree.

The dates pertinent to the "speedy trial" issue are as follows:

| | |
|---|---|
| July 22, 1991 | Felony Theft of Property Charges Filed |
| March 19, 1992 | Letter from Judge Cole setting original trial date for June 30, 1992 |
| July 20, 1992 | Letter from Judge Cole resetting trial date to July 27, 1992 |
| July 23, 1992 | Turbyfill's Motion to Dismiss on speedy trial grounds |
| July 28, 1992 | Order dated July 27 filed tolling time for speedy trial from July 27, 1992, until disposition of Motion to Dismiss and for reasonable time thereafter |

October 20, 1992    Order filed denying Motion to
Dismiss and setting trial for
December 29, 1992

The parties entered of record the following stipulations:

1. On July 22, 1991, the State of Arkansas filed felony theft of property charges against Mark Turbyfill under the above style. Mr. Turbyfill entered a not guilty plea in the presence of his attorney on August 3, 1991.

2. This case was first set for trial on June 30, 1992. The defendant and his attorney appeared in the Circuit Court of Saline County, Arkansas, at 9 a.m., on June 30, 1992, ready for trial. On that date, that is, June 30, 1992, the case of *State of Arkansas v. Carl Meny* was in progress, and continued through the next day, Wednesday, July 1, 1992. On the morning of June 30, 1992, when the defendant and his attorney appeared ready for trial, the case of *State of Arkansas v. Mark Turbyfill*, CR91-246, was not called, no motion for a continuance was filed by the State, and neither the defendant nor his attorney was notified prior to that date of any continuance, conflict in scheduling, or request for continuance. No docket entry or order was entered at that time reflecting the removal of *State of Arkansas v. Mark Turbyfill*, CR91-246, from the trial docket. The *Turbyfill* case was reset for trial on July 27, 1992. The defendant filed a Motion to Dismiss for lack of a speedy trial on July 23, 1992. At no time between the filing of the charges on July 22, 1991, and the date of the filing of the Motion to dismiss for lack of a speedy trial, that is, July 23, 1992, did the defendant request a continuance.

These stipulations fulfill our requirement that Turbyfill show that he was not brought to trial within our one year limit, at which time the burden of proof shifted to the State to prove that the delay in bringing the defendant to trial was for good cause or was legally justified. *Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987); *Williams v. State*, 290 Ark. 286, 718 S.W.2d 935 (1986), *cert. denied*, 481 U.S. 1068 (1987).

On July 23, Turbyfill filed a Motion to Dismiss on speedy

trial grounds. The trial court responded on October 20 with the following findings:

1. The changes [sic] were filed on July 22, 1991. Therefore the speedy trial time was at least through July 21, 1992.

2. This case was set for jury trial on June 30, 1992. This case was continued because another criminal case (*State* v. *Meny*) began on June 29, 1992 and did not end until July 1, 1992. Therefore, the delay was legally justified.

3. No order was entered or docket entry made in the present case noting the continuance. Both docket entries and judgments and trial records were made in *State* v. *Meny* showing the dates of that trial. The defendant in this case stipulates he was aware of the reason for the delay at the time of the delay. Therefore, an adequate official record of delay was made.

4. This case was re-set for trial on July 27, 1992. Therefore, the resetting was diligent and without undue delay. The lapse of time is justified.

Motion to dismiss is denied. The case is set for jury trial on December 29, 1992 at 9:00 a.m.

This Court will not grant a writ of prohibition unless it is clearly warranted. *Leach* v. *State*, 303 Ark. 309, 311, 796 S.W.2d 837, 838 (1990). Prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Id.* at 312, 796 S.W.2d at 838 (quoting *Abernathy* v. *Patterson*, 295 Ark. 551, 750 S.W.2d 406 (1988)). Arkansas R. Crim. P. 28.1 is jurisdictional inasmuch as it requires a defendant to be brought to trial within twelve months or be absolutely discharged pursuant to Ark. R. Crim. P. 30.1(a). *Callender* v. *State*, 263 Ark. 217, 219, 563 S.W.2d 467, 468 (1978). Further, a writ of prohibition is proper to prevent a court from exercising a power not authorized by law, and there is no other remedy available. *Id. See Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991)(writ of prohibition granted where defendant's right to speedy trial was violated).

We agree with Turbyfill that no proper continuance indicating the reasons for the delay was granted by the trial court at the original trial date and, under the facts of this case, his reliance on *Hicks* v. *State*, 305 Ark. 393, 808 S.W.2d 348 (1991), is well placed.

In *Hicks*, the trial court waited eight days after deciding to continue the case to note the continuance on its docket. In finding the trial court's order untimely and contrary to the intent of Ark. R. Crim. P. 28.3(b) and 28.3(i), we stressed that, "a trial court should enter written orders or make docket notations *at the time continuances are granted to detail the reasons for the continuances* and to specify, to a day certain, the time covered by such excluded periods." *Hicks*, 305 Ark. at 397, 808 S.W.2d at 351 (alternation in original). *See McConaughy* v. *State*, 301 Ark. 446, 784 S.W.2d 768 (1990); *Cox* v. *State*, 299 Ark. 312, 772 S.W.2d 336 (1989).

Here, the trial court's error was even more serious.

The record before us does not provide any information as to the whereabouts of the judge assigned to this case on June 30, the date set for Turbyfill's trial. At most, it appears that the Saline County Circuit Court room was being utilized by another judge, who was serving on special assignment for the *State of Arkansas* v. *Carl Meny*, and that the *Meny* trial concluded July 1. Obviously, the trial judge to whom this case was assigned could have made appropriate docket entries either before the *Meny* trial reconvened on June 30 or at a recess in that trial. At the least, the trial court could have commenced Turbyfill's trial on July 2, after the conclusion of the *Meny* trial, or, on that date made appropriate docket entries giving reasons for the delay and a date certain for a new trial. For the trial court to wait some twenty-eight days after Turbyfill appeared for trial before making any docket entry whatsoever does not satisfy the requirements of Ark. R. Crim. P. 28.3 and *Hicks*.

Turbyfill's right to a speedy trial was violated. We grant the writ of prohibition.