Larry Adam ROBINSON *v.* STATE of Arkansas

CA 92-516                                    847 S.W.2d 49

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1993

*Harrod Law Office*, by: *David W. Harrod*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Larry Robinson, a juvenile, was adjudicated delinquent on January 31, 1991, and placed on probation until January 31, 1993. On September 23, 1991, the State filed a petition for detention in Desha County Chancery Court, alleging the commission of three burglaries. On that same day Robinson appeared with counsel and the court ordered that he be detained until the adjudication hearing set for October 8, 1991. At the adjudication hearing the court found that Robinson was indeed delinquent and committed him to the Division of Children and Family Services. Robinson now appeals, contending that since the court did not hold a hearing within fourteen days of the detention hearing as required by Ark. Code Ann. § 9-27-327, the case should be dismissed. We affirm.

Arkansas Code Annotated section 9-27-327(b) (1991) provides:

> If a juvenile is in detention, an adjudication hearing shall be held not later than fourteen (14) days from the date of the detention hearing unless waived by the juvenile

or good cause is shown for a continuance.

Appellant's argument is that this limitation is analogous to the speedy trial rule and is governed by cases such as *Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991). There, the supreme court said:

> Once it has been shown that trial was scheduled to be held after the speedy trial period had expired, the Sate has the burden of showing that any delay was the result of the petitioner's conduct or was otherwise legally justified.
> . . . .
> The primary burden is on the court and the prosecutor to assure that a case is brought to trial in a timely fashion. A defendant has no duty to bring himself to trial. [Citations omitted.]

Appellant concedes that he made no objection at the detention hearing to the October 8 setting for the adjudication hearing. We agree with the trial judge that the instant case is controlled by *Cobbins* v. *State*, 306 Ark. 447, 816 S.W.2d 161 (1991). In *Cobbins* the supreme court said:

> The hearing on the motion to transfer was not held until almost fourteen months after the charges were filed. For nine months Cobbins was held in the Mississippi County Detention Center, unable to post bonds.
>
> Section 9-27-318(b)(2) states that "the circuit court shall hold a hearing within ninety days of the filing of charges to determine whether to retain jurisdiction of the juvenile in Circuit Court." Cobbins would have us hold that the Circuit Court loses jurisdiction of the charges upon failing to hold the transfer hearing within the ninety-day period.
>
> Although the language of the statute is mandatory, it is silent on the effect of noncompliance. In making the decision on this issue, the Trial Court analogized to parole revocation hearings. A statute requires that a hearing be conducted on parole revocation within a reasonable time, not to exceed sixty days after the defendant's arrest. Ark. Code Ann. § 5-4-301(b)(2) (1987). In *Haskins* v. *State*, 264 Ark. 454, 572 S.W.2d 411 (1978), we held that this

requirement was not intended by the General Assembly to be jurisdictional. The sixty-day limitation represented the period beyond which the hearing could not be delayed if the defendant objected. Failure to demand a hearing within the sixty-day period waived the right to insist on a timely hearing.

Here, the trial Court relied on the *Haskins* case and determined that the ninety-day hearing requirement was not intended to be jurisdictional. We consider the analogy to be apt. Although the statute makes the ninety-day requirement mandatory, nothing in the statute indicates it is jurisdictional. Another factor to be considered is that Cobbins was represented by counsel during the ninety-day period.

■ The language of *Cobbins* applies with even greater force to the case at bar because the statute applicable here, Ark. Code Ann. § 9-27-327(b), expressly provides that the time limitation may be waived by the juvenile.

We find no error and affirm.

PITTMAN and COOPER, JJ., agree.