Randy Dean LEACH *v.* STATE of Arkansas

CR 92-927                                      852 S.W.2d 116

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*Callis L. Childs,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Randy Leach has been on appeal on three other occasions. *Leach v. State,* 311 Ark. 485, 845 S.W.2d 11 (1993) (Leach III); *Leach v. State,* 38 Ark. App. 117, 831 S.W.2d 615 (1992) (Leach II); *Leach v. State,* 303 Ark. 309, 796 S.W.2d 837 (1990) (Leach I). In Leach I, Leach sought a writ of prohibition to prevent the state from seeking to convict him of three separate conspiracy charges because all three arose from one agreement and should be tried as one offense under Ark. Code Ann. § 5-3-403 (1987). Leach had been charged and convicted for having conspired with persons named Clements and McMillan to commit aggravated robbery of a Wal-Mart courier. He also remained separately charged for conspiracy with the same individuals to burglarize the Wilkerson residence and to steal a flatbed trailer. In sum, Leach argued it was "inescapable" that the Wilkerson and flatbed trailer conspiracies should be

treated as a part of one agreement which included the Wal-Mart conspiracy. Thus, because he was convicted already for the Wal-Mart conspiracy, Leach asserted on double jeopardy grounds that the state was prevented from trying him for the Wilkerson and flatbed trailer conspiracies. We denied Leach's request for a writ because the record reflected no evidence showing whether the conspiracy charges involved three separate agreements or one continuing agreement. *Leach*, 303 Ark. at 311, 796 S.W.2d at 838.

Leach II followed, and, based on two trial errors, the court of appeals reversed Leach's Wal-Mart conviction. Upon determining the evidence was sufficient to sustain aggravated robbery, the court of appeals remanded the case for a new trial. In Leach III, we affirmed the court of appeals decision after considering additional arguments raised by Leach that are not relevant in the appeal now before us.

In the present case, Leach asks this court to rule that double jeopardy prevents the state from prosecuting him on the Wilkerson burglary and the flatbed trailer conspiracy charges. In his argument, he recognizes the Wal-Mart conspiracy conviction has been remanded for a new trial, but suggests his "successful appeal will result in an increased jeopardy of a charge of a continuous conspiratorial relationship intended to result in an aggravated robbery, a burglary and a theft of a flatbed trailer." In addition, Leach argues he cannot be penalized for his successful appeal by being retried on a greater or more serious charge.

We first point out that this court is in no position to predict either the state's or Leach's course once these three matters are again before the trial court. We are aware that the trial court entered an order on April 22, 1992, in the Wilkerson and flatbed trailer cases wherein the trial court found those two offenses and the Wal-Mart offense were the object of the same continuous relationship under § 5-3-403 and was one conspiracy for double jeopardy purposes.[1] However, that order reflected Leach's conviction in the Wal-Mart conspiracy case, and that conviction was subsequently reversed by the court of appeals on May 13, 1992.

---

[1] This finding has not been challenged.

It is the court of appeals' reversal of the Wal-Mart conviction that precludes this court's review of Leach's double jeopardy arguments in this appeal. Relevant to Leach's arguments, Ark. Code Ann. § 5-1-112(2) (1987) provides that a former prosecution is an affirmative defense to a subsequent prosecution for the same offense where the former prosecution resulted in a conviction. Section 5-1-112(2) further provides that there is a conviction if the prosecution resulted in a judgment of conviction *which has not been reversed or vacated.*

■ Here, the Wal-Mart conspiracy case has been reversed and remanded for a new trial, and Leach stands as though he had never been tried. *Marshall* v. *State*, 265 Ark. 302, 578 S.W.2d 32 (1979). At this stage, we have no knowledge concerning which of the charges pending against Leach that the state will try first. In fact, we are in no better position now to grant Leach the relief he seeks than we were when we denied his request for a writ of prohibition on double jeopardy grounds in Leach I.

■ The trial court denied Leach's motion to dismiss the Wilkerson burglary and flatbed conspiracy cases involved in this appeal because Leach had failed at trial to move to join the three separate conspiracy cases for trial. We affirm the trial court's denial of Leach's motion, but do so for the reason discussed above, namely, his motion proved premature in these two conspiracy cases since the Wal-Mart conviction against him has been reversed and remanded for a new trial. *See Laymon* v. *State*, 306 Ark. 377, 814 S.W.2d 901 (1991).

We affirm.