STATE of Arkansas *v.* Jimmy Lee McCANN

93-102                                                853 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered May 24, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, for appellee.

TOM GLAZE, Justice. This case involves interpretation of the speedy trial rule, Ark. R. Crim. P. 28.3(a), as it relates to criminal charges brought in circuit court and subsequently transferred to juvenile court.

Jimmy Lee McCann was arrested on October 1, 1991. On December 27, the state filed a four-count information against him in the Pulaski County Circuit Court, and a trial was scheduled for April 13, 1992. McCann, along with two codefendants, was charged with one count of burglary, one count of theft, and two counts of theft by receiving. The only count involved in this appeal is Count III, theft by receiving, alleged to have occurred on September 11, 1991.[1]

McCann waived trial by jury, and at the bench trial on April 13, 1992, McCann's counsel made an oral motion to transfer the proceedings to the juvenile division, which transfer was granted. The juvenile court accepted the transfer on April 14. On May 4, the State filed a petition in the juvenile court that McCann be declared a juvenile delinquent based on the identical charges set out in the earlier felony information. Proper service was perfected on McCann and his mother on May 5.

The juvenile court set an adjudication hearing for October 13, at which time McCann's counsel raised the issue of speedy trial. A special judge rescheduled the hearing for October 28, at which time the court dismissed the remaining charge against McCann for failure to prosecute within the one-year requirement. On November 2, the State filed a "motion to supplement record" which among other things asked the court to set aside the October 28 order of dismissal. On November 30, 1992, the court refused to set aside its order, and this appeal ensued.

Ark. R. Crim. P. 28.3(a) provides the following general rule as to periods of time that are excludable from the defendant's right to a speedy trial within one year from the time of arrest:

> The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trial of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of

---

[1] The other counts were dismissed for reasons not at issue here.

thirty (30) days during which any such motion is held under advisement shall not be considered and excluded period.

The State asks us to interpret this rule so that where, on a juvenile defendant's motion, a circuit court transfers a felony criminal charge over to juvenile court, the entire time during which the case was pending before the circuit court be declared an excludable period under Rule 28.3(a). Under the State's theory, the time period spent in circuit court would be excludable as an "other proceeding concerning the defendant". Accordingly, the State contends that the period of December 27, 1991, when the state filed the felony information in circuit court, to April 13, 1992, when the circuit court granted McCann's motion to transfer his case to the juvenile division (a period of approximately three and three-quarter months) should be excluded and added to the twelve-month period beginning with McCann's arrest on October 1, 1991. Under the State's contention, the October 28, 1992, adjudication hearing date in juvenile court would be well within the one-year requirement for speedy trial. However, we must reject the State's argument.

A criminal defendant's constitutional right to a speedy trial is protected under Ark. R. Crim. P. 28. Rules 28.1(c) and 28.2(a) require that the State bring the defendant to trial within one year of the filing of charges against him. Once it is shown that the trial is scheduled to begin after the speedy-trial period has expired, the State then has the burden of showing that any delay was the result of the defendant's conduct or was legally justified by the excludable periods recognized in Rule 28.3. *White* v. *State*, 310 Ark. 200, 833 S.W.2d 771 (1992); *Glover* v. *State*, 307 Ark. 1, 817 S.W.2d 409 (1991). The exclusion of those periods so identified under 28.3 is mandatory.

In this case, the State elected to file the charges in circuit court where the State's proceeding against McCann stayed for nearly four months. No delay attributable to McCann occurred until his counsel filed his motion to transfer. Even after the transfer was accepted by the juvenile court, the State still had approximately five and one-half months in which to try Mc-Cann's case and still be within the one-year period of the speedy-trial rule. Under Rule 28.3(a), delays caused by hearings on

pretrial motions filed by the defendant are specified as excludable periods. Rule 28.3(a) limits the excludable period caused by a pretrial motion taken under advisement not to exceed thirty days.

As mentioned above, McCann's motion to transfer was not made until the date of trial on April 13, 1992, and the circuit court heard his motion and granted it on that same date. A memorandum in the record indicates acceptance of the transfer by the juvenile court on April 14. Applying Rule 28.3(a) to these facts, the only time that is remotely attributable to McCann and, thus excludable, is the one day between submission of McCann's motion to transfer in one court and acceptance by the receiving court. Because the October 28, 1992, adjudication hearing date does not fall within the twelve-month period beginning when McCann was arrested on October 1, 1991, and because the State failed to show that there was any other delay caused by McCann that was legally justified under Rule 28.3, the chancellor was correct in finding that McCann's right to speedy trial was violated.

HAYS, J., dissents.