Claude BENNETT *v*. STATE of Arkansas

CA CR 95-451                                             925 S.W.2d 432

Court of Appeals of Arkansas
Division III
Opinion delivered June 26, 1996

*McArthur & Finkelstein*, by: *William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Chief Judge. Claude Bennett was found guilty in Pulaski County Circuit Court of driving while intoxicated. He was sentenced to one year's imprisonment with an additional two years suspended. On appeal, Bennett contends that the trial court erred in denying his motion to dismiss based on a lack of speedy trial. We agree and therefore reverse and dismiss.

■ Rule 28.1 of the Rules of Criminal Procedure provides that a defendant is entitled to a dismissal if not brought to trial within twelve months. The State concedes that because Bennett was admitted to bail, the speedy-trial time runs from the date of his arrest, June 27, 1993. Rule 28.2(a). Once it has been shown that trial was scheduled to be held after the speedy-trial period had expired, the State has the burden of showing that any delay was the result of the petitioner's conduct or was otherwise legally justified. *Glover v. State*, 307 Ark. 1, 817 S.W.2d 409 (1991). The primary burden is on the court and the prosecutor to assure that a case is brought to trial in a timely fashion. A defendant has no duty to bring himself to trial. *Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987).

The record in the case at bar can only be described as meager. Appellant was arrested on June 27, 1993. His case was filed in Little Rock Municipal Court. On July 20, 1993, appellant moved to transfer to North Little Rock Municipal Court because of a conflict of interest between his then counsel, Mr. Grasby, and the Little Rock municipal judge. On November 30, 1993, a second motion to transfer was filed by the appellant.

On December 17, 1993, appellant was arraigned in North Little Rock Municipal Court and the case was set for trial on May 24, 1994.[1] On June 22, 1994, the State filed an information against the appellant in Pulaski County Circuit Court. On July 20, 1994, appellant moved for a continuance to hire a new attorney. The continuance was granted until August 16, 1994, at which time appellant was arraigned in circuit court. On September 27, 1994, appellant waived jury trial and his trial was set for November 3, 1994. On November 3, the State moved for a continuance because the breathalyzer machine operator was unavailable. The trial court

---

[1] Although it was subsequently suggested in circuit court that the case was nol prossed in North Little Rock Municipal Court there is no docket entry to that effect.

continued the case to December 13, 1994. On that date, appellant was tried and found guilty of DWI, fourth offense.

The time from the appellant's arrest until his trial was thus 527 days, well in excess of the 365 days permitted by the rule. The circuit court held that the period of time from July 20, 1993, when appellant first moved to transfer to North Little Rock Municipal Court, until May 24, 1994, the date his trial was set in that court, was excludable. The court's ruling cannot be sustained.

This case is governed, in principle, by *State v. McCann*, 313 Ark. 286, 853 S.W.2d 886 (1993). There, McCann, a juvenile, was arrested on October 1, 1991, and charged in circuit court. At his scheduled trial on April 13, 1992, McCann moved to transfer the case to juvenile court and the circuit judge granted the motion. The case was subsequently heard in juvenile court on October 13, 1992.

In *McCann*, the supreme court said:

> The State asks us to interpret this rule so that where, on a juvenile defendant's motion, a circuit court transfers a felony charge over to juvenile court, the entire time during which the case is pending before the circuit court be declared an excludable period under Rule 28.3(a).... [W]e must reject the State's argument.

> Under Rule 28.3(a) delays caused by hearings on pretrial motions filed by the defendant are specified as excludable periods. Rule 28.3(a) limits the excludable period caused by a pretrial motion taken under advisement not to exceed thirty days.

> As mentioned above, McCann's motion to transfer was not made until the date of trial on April 13, 1992, the circuit court heard his motion and granted it on that same date. A memorandum in the record indicates acceptance of the transfer by the juvenile court on April 14. Applying Rule 28.3(a) to these facts, the only time that is remotely attributable to McCann and, thus excludable, is the one day between submission of McCann's motion to transfer in one court and acceptance by the receiving court.

If we were to assume that the State is entitled to have excluded thirty days based on appellant's first motion to transfer,

eighteen days as a result of appellant's second motion to transfer, and a total of sixty-six days due to motions for continuance filed by both the State and the appellant in circuit court, the total excludable period of 114 days would leave the time between arrest and trial at more than 400 days, well in excess of the twelve-month limit.

For the reasons stated the judgment of the circuit court is reversed and dismissed.

Reversed and dismissed.

ROGERS and NEAL, JJ., agree.