Steven L. SCHERER, Michael Joseph
Neal and Total Solutions, Inc.,
Appellants,

v.

The TEXAS PROPERTY AND CASU-
ALTY INSURANCE GUARANTY
ASSOCIATION, Appellee.

No. 03–97–00140–CV.

Court of Appeals of Texas,
Austin.

Sept. 11, 1997.

Michael R. Cooper, Smith, Underwood &
Perkins, P.C., Dallas, for Appellants.

Daniel Jordan, Morehead Jordan & Car-
mona, P.C., Austin, for Appellee.

Before CARROLL, C.J., and ABOUSSIE
and B.A. SMITH, JJ.

PER CURIAM.

Steven L. Scherer, Michael Joseph Neal,
and Total Solutions, Inc. appeal the summary
judgment denying their claim for attorney's
fees against the Texas Property and Casual-
ty Insurance Guaranty Association. We will
affirm the judgment.

Appellants sought recovery of attorney's
fees incurred in defending themselves from a
suit against which they contend their insurer,
International Underwriters Insurance Com-
pany ("IUIC"), should have defended them.
In July 1991, appellants purchased an insur-
ance policy obligating IUIC to pay sums the
insured owed if found to have infringed on
copyrights; the policy gave IUIC the duty to
defend any suit seeking those damages.
Central Systems, Inc. sued appellants for
copyright infringement in August 1991. In
July 1992, appellants demanded that IUIC
defend them from that suit. The parties
settled the suit in September 1992; appel-
lants paid no monetary damages under the
settlement. Later that month, IUIC told
appellants it was considering their demand.
In November 1992, appellants demanded re-
imbursement of more than $180,000 in attor-
ney's fees and expenses incurred in defend-
ing the suit. There is no evidence IUIC took
any further action on the demand.

Appellants then sued IUIC and an insur-
ance agent. The insurance commissioner de-
clared IUIC an impaired insurer in March
1993. Appellants added the Texas Property
and Casualty Insurance Guaranty Associa-
tion ("Guaranty Association") as defendants.
Guaranty Association moved for summary
judgment against the claims. The court
granted the motion and severed those claims
so that the judgment favoring Guaranty As-
sociation could become final.

By one point of error, appellants contend
the judgment was erroneous because as a
matter of law the attorney's fees they sought
to recover were covered under the Property
and Casualty Guaranty Act. Tex. Ins.Code
Ann. art. 21.28–C, § 5(8) (West Supp.1997).
The stated purposes of the Act include pro-
viding a mechanism for payment of covered

claims, avoiding excessive delay in payment, and avoiding financial loss to claimant and policyholders because of the impairment of an insurer. Act § 2. This Court wrote that the Act's purpose is to provide the injured party the same recovery he would have received had the responsible insurer remained solvent. *Latter v. Autry*, 853 S.W.2d 836, 838 (Tex.App.—Austin 1993, no writ). Appellants argue that denying their claim contravenes the Act's purposes. They contend that their right to recover the attorney's fees that their insurer should have incurred or paid is well-established, but thwarted by the trial court's interpretation of the Act.

The Act, however, does not guarantee full recovery of the amount the insured would have received from its insurer. Covered claims are limited to $100,000 except for workers' compensation claims. Act § 5(8). Claims exceeding the statutory cap are, by definition, not covered claims. *See Latter*, 853 S.W.2d at 839. Also excluded from the definition of "covered claims" are "supplementary payment obligations, including adjustment fees and expenses, attorney's fees and expenses, court costs, interest and penalties, and interest and bond premiums incurred prior to the determination that an insurer is an impaired insurer under this Act." Act § 5(8). Appellants contend that, because their policy included a duty to defend them from suit and that duty was not fulfilled, their claim for attorney's fees reimbursement is within the policy terms and is not a "supplementary payment obligation." Appellants argue that this exclusion must relate solely to *additional* attorney's fees incurred by an insured in seeking to recover the cost of defense against an insurer who failed to provide a defense—that is, the fees appellants incurred defending the Central Systems lawsuit are recoverable, but the fees appellants incur seeking to recover those fees (prosecuting this case) are not recoverable. Appellants contend that there is at least a fact question on this issue.

We conclude that the statutory language precludes appellants' recovery of their attorney's fees. The Act shows the legislature capable of drawing stark lines with limited exceptions regarding what types of claims and what amounts are compensable. The Act excludes recoveries exceeding $100,000 per claim and claims for attorney's fees incurred before the impairment determination, but excepts workers' compensation claims from the $100,000 cap. The existence of that exception emphasizes the legislature's choice not to distinguish between attorney's fees incurred by an insured forced to defend itself and fees incurred by the insured seeking to recover attorney's fees.

The exclusion applies to all attorney's fees for which the insurance company is liable that were incurred before the impairment determination. There is no dispute that appellants incurred the attorney's fees sought here before the impairment determination. The trial court did not err by granting summary judgment against the claim for fees. We overrule point one.

We affirm the judgment.