TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00475-CV






Steven L. Scherer; Michael Joseph Neal; and Total Solutions, Inc., Appellants



v.



International Underwriters Insurance Company and Patti Staha
, Individually and d/b/a
Patti Staha Insurance Agency, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 96-07645, HONORABLE PAUL R. DAVIS, JR. JUDGE PRESIDING 







 Steven L. Scherer, Michael Joseph Neal, and Total Solutions, Inc. ("appellants")
appeal from the district court's order dismissing their suit for want of prosecution. Appellee Patti
Staha d/b/a Patti Staha Insurance Agency ("Staha") moves that this Court dismiss the appeal for
want of jurisdiction. We will grant the motion to dismiss.


Background

 In July 1991, appellants allegedly purchased a policy of general liability insurance
from International Underwriters Insurance Company ("International"). Staha was the insurance
agent in the transaction. On March 22, 1993, the Texas Commissioner of Insurance declared
International an impaired insurer. In June 1993, appellants brought suit against Staha and
International (collectively, "appellees") in Dallas County district court ("the Dallas court")
regarding coverage under their insurance policy. The parties pursued pre-trial discovery during
the subsequent four months. On October 6, 1993, the Dallas court ordered the case be dismissed
for want of prosecution because appellants' counsel failed to attend a disposition conference. The
case was reinstated shortly thereafter at the request of appellants. 

 In March 1994, appellants amended their petition to name the Texas Property and
Casualty Insurance Guaranty Association ("Guaranty") as an additional defendant in the suit. 
Guaranty filed a motion to transfer venue to Travis County and the Dallas court granted the
motion. On January 20, 1995, the Dallas court entered an order requiring appellants to pay the
transfer costs of $34.00 within twenty days. Appellants did not timely pay the costs, and the
Dallas court clerk retained the file. The Travis County district clerk did not receive the case until
July 1, 1996, more than seventeen months later. The record shows no activity took place in the
lawsuit during that time.

 On September 23, 1996, Guaranty filed a motion for partial summary judgment,
which was granted. The claims against Guaranty were severed from those remaining in this
matter, making the summary judgment final as to Guaranty. Appellants appealed the summary
judgment. This Court affirmed the district court's judgment, and the Texas Supreme Court denied
appellants' petition for review. Scherer v. Texas Prop. & Cas. Guar. Ass'n, 958 S.W.2d 413, 414
(Tex. App.--Austin 1997, pet. denied).

 In the meantime, on October 16, 1996, Staha filed a motion to dismiss the
remaining claims for want of jurisdiction and, alternatively, for want of prosecution. Appellants
again resisted the suit's dismissal, and on December 19, 1997, the Travis County district court
("the district court") denied Staha's motion to dismiss. The record does not reflect any activity in
this case between December 1997 and June 1999. On June 8, 1999, this matter was placed on the
Travis County district court dismissal docket. On July 16, 1999, appellants moved to retain the
case on the docket, pursuant to Rule 11.5 of the Local Rules of Civil Procedure and Rules of
Decorum for the District Courts of Travis County. On August 24, 1999, the district court granted
the motion to retain. The district court's order required appellants to deliver an alternative dispute
resolution certification to the court within ninety days and to submit a proposed scheduling order
within 120 days. Appellant did not comply with either requirement.

 On April 10, 2000, Staha, the sole remaining defendant, moved to dismiss the case
pursuant to Local Rule 11.12 and the order of August 24, 1999. On April 15, appellants
responded to Staha's motion and announced that a trial date of May 8 had been set. On April 21,
the district court granted the motion to dismiss for want of prosecution. On May 22, appellants
filed an unverified motion for reinstatement of the case. The district court did not rule on the
motion for reinstatement, and it was accordingly overruled by operation of law. See Tex. R. Civ.
P. 165a(3). On July 20, appellants filed a notice of appeal to this Court, asserting that the district
court abused its discretion in dismissing this case for want of prosecution. Subsequently, Staha
filed a motion to dismiss this appeal for want of jurisdiction because appellants' notice of appeal
was not timely filed.


Discussion Pursuant to Texas Rule of Civil Procedure 165a(3), parties may seek to reinstate
a case that has been dismissed for want of prosecution by submitting a motion to the district court
clerk. Tex. R. Civ. P. 165a(3). The motion "shall set forth the grounds therefor and be verified
by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of
dismissal is signed . . . ." Id. A proper motion to reinstate must be both verified and filed with
the clerk within thirty days of the dismissal order's signing. McConnell v. May, 800 S.W.2d 194,
194 (Tex. 1990) (emphasis added). Generally, a party must file its notice of appeal within thirty
days after the trial court signs the judgment. Tex. R. App. P. 26.1. However, a proper motion
to reinstate the case pursuant to Rule 165a(3) will extend the deadline for filing a timely appeal
to ninety days after the dismissal order is signed. Id. 26.1(a)(3). 

 Staha concedes that appellants timely filed their motion to reinstate, however, she
maintains that the motion was unverified. An unverified motion to reinstate will not extend the
time for perfecting an appeal, regardless of whether it is timely filed. Butts v. Capitol City
Nursing Home, 705 S.W.2d 696, 697 (Tex. 1986). The record reflects that the motion to reinstate
was not verified. Thus, appellants' motion to reinstate was not proper and did not extend the
deadline to file a notice of appeal.

 This Court lacks jurisdiction over an appeal that is not timely perfected. Grondona
v. Sutton, 991 S.W.2d 90, 93 (Tex. App.--Austin 1998, pet. denied). Because appellants did not
properly file their motion to reinstate, their notice of appeal should have been filed within thirty
days of the dismissal order. Appellants filed their notice of appeal ninety days after the dismissal
order. Therefore, this Court does not have jurisdiction to hear this matter, and we grant Staha's
motion to dismiss. 



Conclusion

 Having found that appellants did not timely file their notice of appeal, we dismiss
the appeal for want of jurisdiction.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Yeakel

Dismissed for Want of Jurisdiction

Filed: December 7, 2000

Do Not Publish


 this
matter, making the summary judgment final as to Guaranty. Appellants appealed the summary
judgment. This Court affirmed the district court's judgment, and the Texas Supreme Court denied
appellants' petition for review. Scherer v. Texas Prop. & Cas. Guar. Ass'n, 958 S.W.2d 413, 414
(Tex. App.--Austin 1997, pet. denied).

 In the meantime, on October 16, 1996, Staha filed a motion to dismiss the
remaining claims for want of jurisdiction and, alternatively, for want of prosecution. Appellants
again resisted the suit's dismissal, and on December 19, 1997, the Travis County district court
("the district court") denied Staha's motion to dismiss. The record does not reflect any activity in
this case between December 1997 and June 1999. On June 8, 1999, this matter was placed on the
Travis County district court dismissal docket. On July 16, 1999, appellants moved to retain the
case on the docket, pursuant to Rule 11.5 of the Local Rules of Civil Procedure and Rules of
Decorum for the District Courts of Travis County. On August 24, 1999, the district court granted
the motion to retain. The district court's order required appellants to deliver an alternative dispute
resolution certification to the court within ninety days and to submit a proposed scheduling order
within 120 days. Appellant did not comply with either requirement.

 On April 10, 2000, Staha, the sole remaining defendant, moved to dismiss the case
pursuant to Local Rule 11.12 and the order of August 24, 1999. On April 15, appellants
responded to Staha's motion and an