Tyrone GAMBLE *v.* STATE of Arkansas

CR 01-766                                                    85 S.W.3d 520

Supreme Court of Arkansas
Opinion delivered September 26, 2002

*John W. Walker*, for appellant.

*Mark Pryor,* Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Petitioner Tyrone Gamble contends that his right to speedy trial was violated and seeks a writ of prohibition. In addition, Gamble argues that the trial court forced him to choose between his right to speedy trial and his right to counsel; therefore, the continuance he requested should be charged against the State. We have jurisdiction of this matter under Ark. Sup. Ct. R. 1-2(a)(3) (2002).

On February 13, 1999, Gamble was arrested on theft by receiving charges by the Jonesboro Police Department. The State filed its information on January 28, 2000. Gamble was ordered to appear on February 4 for arraignment and February 7 for trial, and he failed to appear on both days. On February 11, Gamble appeared without counsel, and a trial date was set for February 14, 2000. Gamble appeared on February 14, again without counsel.

The trial court gave Gamble the opportunity to proceed or to request a continuance. Gamble requested a continuance. On May 8, 2000, Gamble's motion for a continuance was granted, and the trial was reset for August 14, 2000. Gamble requested a second continuance, and the trial was reset for December 11, 2000. The trial court granted a third motion for continuance on December 8, and the trial was reset for May 22, 2001. Gamble filed a motion to dismiss for speedy trial, and the trial court denied that motion on May 7, 2001. On May 21, 2001, Gamble filed a motion for continuance and petition for a writ of prohibition alleging a speedy-trial violation.

■ Under Ark. R. Crim. P. 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay which are excluded under Ark. R. Crim. P. 28.3. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1. Once a defendant establishes a prima facie case of a speedy-trial violation, i.e., that his or her trial took place outside of the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002); *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Dean v. State*, 339 Ark. 105, 3 S.W.3d 328 (1999).

■ Pursuant to Ark. R. Crim. P. 28.1(d), a defendant may bring a petition for a writ of prohibition when the trial court denies the defendant's motion for dismissal under the speedy-trial rules. A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000); *Kelch v. Erwin*, 333 Ark. 567, 970 S.W.2d 255 (1998) (*citing West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittendon County*, 316 Ark. 290, 871 S.W.2d 368 (1994)). The writ will not be granted unless it is clearly warranted. *Ibsen, supra; Turbyfill v. State*, 312 Ark. 1, 846 S.W.2d 646 (1993).

Gamble was arrested on February 13, 1999, and the State had twelve months to bring him to trial. Because February 13, 2000

fell on a Sunday, the State's deadline for speedy trial was the next weekday after the deadline. Thus, the petitioner should have been brought to trial by February 14, 2000. Gamble has established a prima facie case in that 814 days had elapsed since his arrest by the time the court heard his motion to dismiss for speedy-trial violation. We must determine the appropriate exclusion periods, if any, within that period.

■ This court has held that when the defendant is scheduled for trial within the time for speedy trial, and the trial is postponed because of the defendant, that is "good cause" to exclude the time attributable to the delay. *Lewis v. State*, 307 Ark. 260, 819 S.W.2d 689 (1991). Delays resulting from continuances requested by the defendant should not be charged against the State. *Ferguson, supra.*

On February 14, 2000, Gamble requested a continuance. The trial was reset for August 14, 2000. On August 14, 2000, Gamble requested a second continuance, and the trial was reset for December 11, 2000. Gamble requested a third continuance, and the trial was reset for May 22, 2001. On May 7, 2001, Gamble's motion to dismiss for speedy trial was denied. The period between February 14, 2000, and May 7, 2001, should be excluded in calculating the speedy-trial time because all of the delays during that period resulted from Gamble's requests. The total number of days during that period is 448 days. Subtracting the total number of days during that period from the total time of 814 days shows that 366 days can be counted for the speedy-trial time. Since twelve months from the date of arrest fell on a Sunday, the State was allowed an extra day to bring Gamble to trial. Further, in an order tolling speedy trial, the trial court found that beginning February 2, Gamble had avoided and absented himself from process. Gamble failed to appear on February 4 and February 7. Gamble appeared at his arraignment on February 11. The days between February 2, the date Gamble was found to have avoided and absented himself from process, and February 11, the date when Gamble appeared at his arraignment, a total of 9 days, should not be charged against the State. Subtracting the nine days from 366 days shows that 357 days can be counted for speedy-trial time. Thus, the State complied with the speedy-trial rules, and

the trial court had jurisdiction to hear the case on February 14, 2000.

Gamble argues, however, that the continuance granted on February 14, 2000, should be charged against the State. To support this argument, Gamble relies on *Glover v. State*, 307 Ark. 1, 817 S.W.2d 409 (1991). In *Glover*, the petitioner was charged with the crime of rape on June 12, 1990. *Id.* On August 13, 1990, counsel was appointed and trial was set for January 29, 1991. *Id.* The petitioner's counsel learned that his secretary was related to the victim, and he filed a motion to withdraw. *Id.* On February 22, a second attorney was appointed, and the trial was reset for July 31, 1991. *Id.* The petitioner filed a motion to dismiss since he had not been brought to trial within twelve months. *Id.* The State argued that the period from December 21, 1990, through February 22, 1991, the period when the petitioner was without counsel, was excludable as a delay for good cause. *Id.* The State contended, and the trial court found, that the two-month period was an excludable period because the petitioner did not move to proceed pro se. *Id.* The State argued that the petitioner could have gone to trial on the date that it was originally set. *Id.* We disagreed and wrote:

> The effect of adopting such a position would be to force defendants to choose between their constitutional right to be represented by counsel and their constitutional right to have a speedy trial. In the present case petitioner would have to forfeit his right to a speedy trial because *through no fault of his own*, he was not represented by counsel and was not willing to go to trial without counsel. We refuse to adopt this position.

*Id.* (Emphasis added.)

The facts in the instant case can be distinguished from the facts in *Glover*. In *Glover*, the delay was a result of the State's failure to promptly appoint counsel for the petitioner. Here, the delay was a result of Gamble's failure to obtain representation. When Gamble was arraigned on February 11, 2000, he indicated that he did not need the court to appoint counsel for him, and the court encouraged Gamble to seek representation for trial on February 14, 2000.

Moreover, in the present case, Gamble had contact with at least three attorneys during the weeks immediately preceding his arraignment. Between February 13, 1999, and October 28, 1999, the date the State attempted to *nol pros* the case even though charges had not been filed, attorney Randall Miller appeared in court with Gamble on several occasions, as his attorney of record. On January 27, 2000, the State advised Miller that it was filing its information the next day, and that the case would be brought to trial within the next couple of weeks. On February 1, 2000, Gamble appeared with Miller at the prosecutor's office and reviewed the State's evidence. The prosecutor advised Miller, in Gamble's presence, that Gamble was entitled to a continuance, and that the trial was set for February 7. On February 4, 2000, Miller appeared at a hearing and stated that Gamble had instructed him to tell the court that he no longer represented Gamble. The court allowed Miller to withdraw. Miller testified that both he and Gamble were aware that trial had been set for February 7, 2000. He also testified that it was fair for the State to believe that Gamble was aware of the trial set for February 7, and that Gamble did not want a continuance. On February 9, the prosecutor's office received a fax from attorney John Walker which stated that he was representing Gamble. On February 10, Walker faxed the prosecutor's office a letter stating that he would not be representing Gamble. On February 11, the date of arraignment, Gamble appeared in court with attorney Kenneth Torrance. Torrance stated that he was there on behalf of Gamble, but he was not acting as his attorney. Torrance also stated that he would like to represent Gamble, but since the trial was scheduled for February 14, he would not have time to prepare. On February 14, Gamble again appeared in court with Torrance, who maintained that he was there only to advise Gamble, but he was not Gamble's attorney.

The trial transcript of February 14 indicates that the court gave Gamble several options for representation by counsel.

COURT:     Mr. Gamble, do you have a lawyer?

GAMBLE:   No, I do not.

COURT: You told Judge Laser you had the funds and ability to hire a lawyer last Friday. Are you capable of hiring a lawyer to represent you?

GAMBLE: Yes, I am.

COURT: Well, hire a lawyer. Why have you not done so?

GAMBLE: I just received notice that I had to appear in court. I was just arraigned Friday and being tried today.

COURT: . . .it appears to the Court that you were notified prior to February 4th — at least by your own testimony . . . and that you recently had conversations with Mr. Miller, who had apparently been representing you, and either he removed himself from the case or you discharged him. Which was it?

GAMBLE: . . . we could not come to an agreement about attorney's fee so he gave me the document . . . telling me that I needed to hire a lawyer.

\*\*\*\*\*

COURT: Mr. Gamble, do you want to continue the case on your own motion until you have time to hire a lawyer and discuss your case with Mr. Torrance?

GAMBLE: No. I'm not going to do that.

COURT: . . .You want to go to trial now without a lawyer and act as your own lawyer?

GAMBLE: No, I'm not saying that either.

\*\*\*\*\*

COURT: Who represents you, Mr. Gamble? Are you going to represent yourself?

GAMBLE: Nobody represents me.

COURT: Did you discharge Mr. Miller?

GAMBLE: No, I did not.

COURT: Then Mr. Miller will be here shortly to represent you. Do you want a public defender to represent you?

GAMBLE: They do not have adequate time to represent me.

COURT: If you're telling me you can't hire a lawyer, I'll appoint the public defender.

*****

The court gave Gamble three options for representation. The court asked the petitioner if he wanted a public defender. He did not. The court asked Gamble if he was represented by Torrance. Torrance repeatedly stated that he was not Gamble's attorney, though he continued to advise Gamble and object on Gamble's behalf. Finally, the court asked Gamble if he wanted Miller to represent him. Gamble stated that he did not want Miller to represent him.

Gamble is not like the petitioner in *Glover* who had to forfeit his right to speedy trial through no fault of his own. Gamble was afforded his right to counsel, not once, but three times. Gamble had no counsel on February 14 because he refused to obtain counsel and because he refused every offer of counsel made by the court.

■ In *Tyler v. State*, 265 Ark. 822, 581 S.W.2d 328 (1979), we wrote:

> It is widely recognized that the right to choose counsel may not be manipulated or subverted to obstruct the orderly procedures of the court or to interfere with the fair, efficient and effective administration of justice, particularly when a change of choice is made on the eve of trial, primarily for the purpose of delay, and without making any effort to obtain substitute counsel. (Citations omitted.)

*Id.*

■ Miller withdrew on February 4. Walker represented Gamble on February 9, but he declined representation the very next day. Torrance accompanied Gamble to court on February 11 and February 14, made arguments for Gamble, and objected on Gamble's behalf, all the while maintaining that he was not Gamble's attorney. Gamble was told to seek representation on February 11 for trial on February 14, and he failed to do so. Gamble hired and fired attorneys shortly before his trial date and tried to cause a delay in court by appearing without counsel. Gamble

knew that speedy trial was about to run, and he refused to obtain counsel. Gamble cannot now complain that he had to choose between his right to counsel and his right to a speedy trial. Gamble, by his own actions, put himself in the position of either going to trial without counsel or asking for a continuance. Gamble was given ample opportunity to obtain counsel, and the delays resulting from his failure to obtain counsel are not delays which can be charged to the State.

Writ of prohibition denied with prejudice.