Jack Richard CALLENDER and
Nancy CALLENDER *v.* STATE of Arkansas

CR 78-1                                        563 S.W. 2d 467

Opinion delivered April 3, 1978
(Division II)

218

*Pearce & Robinson,* by: *H. Clay Robinson,* for petitioners.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for respondent.

FRANK HOLT, Justice. The issue in this case is whether the petitioners are entitled to a dismissal of certain charges because of respondent's failure to bring them to trial within three terms of court as provided in Rules of Crim. Proc., Rule 28 (1976). Petitioners were arrested on July 2, 1976, and charged by information in municipal court on July 6, 1976, with possession with intent to deliver cocaine, amphetamines, and barbituates. On July 12, 1976, petitioners were each released on bond. On September 21, 1976, after a preliminary hearing in municipal court, at which probable cause was found on all charges, the court bound petitioners over to the circuit court "on all charges — on all the counts." The prosecution filed an information against petitioners with the circuit court on November 9, 1976, charging them only with possession of cocaine with intent to deliver. Subsequently, on November 3, 1977, an amended information was filed adding the charges which were originally filed in municipal court plus the charge of possession with intent to deliver heroin. Admittedly, all charges arose out of the original criminal episode for which petitioners were arrested on July 2, 1976, and a few days later released on bail and have continuously remained so. Petitioners moved to dismiss the amended information on the ground the state was barred from trying them on the latter or additional charges because three terms of court had expired since their arrest on those charges. This motion was overruled and we subsequently issued a temporary writ of prohibition. Petitioners now seek a permanent writ of prohibition against the circuit court's hearing the additional charges against them which were first filed in circuit court by the amended information. The state

argues that a writ of prohibition is not an available remedy in the case at bar although they concede that three full terms of court have expired since the date petitioners were released on bond.

Rule 28.1 (b) is jurisdictional inasmuch as it requires a defendant to be brought to trial within three full terms of court, and if he is not, the defendant shall be absolutely discharged pursuant to Rule 30.1 (a). Further, a writ of prohibition is proper to prevent a court from exercising a power not authorized by law and there is no other remedy available. *Streett* v. *Roberts,* 258 Ark. 839, 529 S.W. 2d 343 (1975); and *Pulaski Co. ex rel, Mears* v. *Adkisson, Judge,* 262 Ark. 636, 560 S.W. 2d 222 (1978). The writ of prohibition is available here provided there has been a denial of petitioners' speedy trial right.

Rule 28.1 (b) provides:

Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of delay as authorized in Rule 28.3.

Rule 28.2 provides:

The time for trial shall commence running without demand by the defendant from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest.

All of the charges added by the amended information arose out of the same criminal episode for which petitioners were arrested and held continuously in custody or on bail. Therefore, under Rule 28.2 (a), the time for trial commenced

to run on these charges upon petitioners' arrest on July 2, 1976, and their speedy trial right has been violated provided there is no authorized delay under Rule 28.3. Here it is not demonstrated that there were any excludable periods of delay chargeable to the petitioners under Rule 28.3.

Since the time to bring petitioners to trial on these charges has expired, the state is barred by Rule 30.1 (a) from prosecuting petitioners on them.

Writ granted.

We agree: HARRIS, C.J., and FOGLEMAN and BYRD, JJ.