Michael G. NETTLES *v.* STATE of Arkansas

CR 90-53                                         791 S.W.2d 702

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*Duncan M. Culpepper*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael Nettles, has petitioned this court for a writ of prohibition to prevent the Circuit Court of Pike County from proceeding with a trial in regard to a theft of property charge against him. Nettles claims that he has not been afforded his right to a speedy trial. We disagree.

Arkansas R.Cr.P. Rule 28.1(c) addresses the time limitations, excluded periods, and consequences of violations in bringing a criminal defendant to trial and provides in pertinent part as follows:

Any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, . . . shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Arkansas R.Cr.P. Rule 28.2 addresses when time commences to run in a criminal prosecution and provides in pertinent part as follows:

The time for trial shall commence running, without demand by the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the date of arrest.

\* \* \* \*

Nettles asserts that more than twelve months have passed from the date that the theft of property was filed, that there are no excusable periods, and that the charge should be dismissed against him due to the prosecutorial bar in Rule 28.1(c).

We have examined the record and note the following relevant dates from the trial court's docket entries:

| | |
|---|---|
| December 16, 1988 | Theft of property charge filed. |
| March 18, 1989 | Nettles arrested. |
| March 22, 1989 | Nettles arraigned. |
| June 14, 1989 | Trial court appoints attorney. |
| October 5, 1989 | Nettles enters guilty plea to theft of property charge. |
| October 23, 1989 | Trial court refused to accept sentence recommendation and allows Nettles to withdraw his guilty plea. |

| February 7, 1990 | Nettles appears in trial court and files a motion to dismiss due to the lack of a speedy trial. |
| February 7, 1990 | Hearing is conducted and the motion to dismiss is denied. |

Although more than twelve months have passed since the theft of property charge against Nettles was filed, the key to this case is that Nettles entered a guilty plea to the charge against him, which plea was subsequently withdrawn. In *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989) (citing *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984)), we stated that "[a] defendant, by a plea of guilty, waives a number of significant rights, including the right to a speedy trial." We also held in that case that an order allowing the withdrawal of a plea of guilty is analogous to an order granting a new trial, and the time for a trial begins to run anew after an order is entered allowing the withdrawal of a guilty plea.

As a result, only eight months have run since Nettles's guilty plea was withdrawn, and Rule 28.1(c) has not been violated.

We note that the trial court denied Nettles's motion to dismiss on the basis of its interpretation of Rules 28.1 and 28.2 to mean "that a defendant must be arrested before the twelve months time period for speedy trial begins to run." This interpretation was incorrect, and Nettles's time for trial began running on the date the charge was filed because he had not been "continuously held in custody or on bail or lawfully at liberty to answer for the same offense or on offense based on the same conduct or arising from the same criminal episode."

To avoid this issue, Nettles argues in his reply brief that the State may not raise new matters of fact or law for the first time on appeal and, since it did not present any evidence at the hearing on the motion to dismiss, is precluded from relying on *Kennedy* v. *State*, *supra*, for affirmance.

Nettles's claim that his right to a speedy trial was violated is not a new issue of fact or law. Consequently, the State is not raising a new matter by merely responding to Nettles's

argument on appeal. Indeed, under the circumstances, it was not necessary for the State to present any evidence at the hearing on Nettles's motion to dismiss as he himself had placed into evidence the trial court's docket sheet, which furnished sufficient facts to determine the issue now under consideration.

In *Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985) (citing *Curtis* v. *State*, 279 Ark. 64, 648 S.W.2d 487 (1983) and *Rice* v. *State*, 216 Ark. 817, 228 S.W.2d 43 (1950)), we reiterated that where a trial judge erred in his reasoning, but reached the correct result and his error was harmless, the case will be affirmed on appeal.

The trial court's error in basing its denial of Nettles's motion to dismiss on an incorrect interpretation of Rules 28.1 and 28.2 was harmless, as, under these circumstances, the twelve month time limitation in which the State has to bring Nettles to trial dates from the order granting the withdrawal of his guilty plea.

Petition denied.

HAYS, J., concurs.