Sophocles LOVETT *v.* STATE of Arkansas

CR 97-436                                          952 S.W.2d 644

Supreme Court of Arkansas
Opinion delivered October 2, 1997

*Bramblett & Pratt,* by: *James M. Pratt, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Sophocles Lovett by information was charged with the crimes of aggravated assault, second-degree battery, and with being a felon in possession of a firearm. He was convicted of all charges, and received respective sentences of fifteen years, fifteen years, and forty years to run concurrently. Sophocles testified in his own defense at trial, but on appeal, he does not challenge the sufficiency of the evidence. Instead, he argues only that the trial court erred by (1) allowing the State to amend its information the day before trial, and (2) denying him a continuance to permit his defense counsel more time to prepare for trial. We affirm.

Before addressing Sophocles's first point, a brief summary of the facts leading to his charges is necessary. The State's case showed that, on May 8, 1995, Deborah Williams had a medical appointment for her son in Pine Bluff, and asked her cousin, Patrece Gregory, to go with her. Patrece had been staying at Deborah's house in Fordyce to get away from Sophocles, who was Patrece's boyfriend. Sophocles saw Deborah and Patrece in a car driving to Pine Bluff, and he followed them to the parking lot at Deborah's doctor's office. After Deborah went into the office,

Patrece remained outside and talked with Sophocles. Sophocles accused Patrece and her family members of having taken $10,000.00 of his money. An altercation ensued, and Sophocles struck Patrece in the head with a handgun, causing her serious injury. Patrece, bleeding from the head, ran into the doctor's office with Sophocles in pursuit. She ran to Deborah, screaming, "He is trying to kill me," and Sophocles, among other things, was heard saying, "I'm not going to put up with this anymore." Sophocles pulled his gun, told Deborah "this" was her fault, and he was going to kill Deborah. He pointed the gun at Deborah's head and pulled its trigger four times. Although loaded, the gun misfired. Several witnesses who were present in the doctor's office testified they had seen Sophocles beat Patrece with a gun, and had observed blood flowing from her head.[1]

As a result of the foregoing events, the State filed its information three days afterwards, on May 11, 1995, and charged Sophocles with the following three crimes:

Count 1: Aggravated Assault — under circumstances manifesting extreme indifference to the value of human life, purposely engaged in conduct that created a substantial danger of death or serious physical injury to Debra (sic) Williams.

Count 2: Battery in Second Degree — with the purpose of causing physical injury to another person, cause physical injury to Debra (sic) Williams by means of a deadly weapon.

Count 3: Felon in Possession of a Firearm — having been previously convicted of a felony, possess a firearm, to-wit: .38 caliber revolver.

Apparently, on the day before trial, September 4, 1996, the State learned it had mistakenly named Deborah Williams instead of Patrece Gregory as the victim in count 2, and it requested the trial court to allow the State to correct its mistake by amending the information. The trial court granted the State's request. The

---

[1] No one but Deborah witnessed Sophocles's pointing his gun at Deborah, but an officer testified Sophocles admitted he "pointed the gun at the two women below [their] waist."

next day, before trial, Sophocles moved to strike the State's amended information; alternatively, he asked for a continuance.

In support of his motion to strike the State's amended information, Sophocles argued the amended charge would require "an entire change in [his] defense, and that change would cause great prejudice to the defense." The State rejoined that the requested amendment was consistent with the investigative material and was not a surprise to the defense. It added that both Patrece and Deborah had been called as witnesses to testify concerning what had transpired on May 8, 1995, the day of the alleged crimes.

In denying Sophocles's motions, the trial judge made a point of Sophocles's having failed to help his counsel in preparing for trial, even though the trial court had previously warned Sophocles that his case was about "to get stale," since he had received earlier continuances. The judge also emphasized that Sophocles had made no efforts to contact his counsel to discuss his case or to prepare for trial. In fact, even though counsel tried to reach Sophocles at his last known residence and by contacting family members, the trial judge observed that Sophocles never made any attempt to contact or see his attorney until the morning of trial.

We hold the trial court correctly denied Sophocles's motions. While defense counsel on appeal claims the State's amended information changed the nature of the crime and prejudiced him, he fails to show how. First, we would note that Sophocles failed to specify at trial that the nature of the second-degree battery crime had been changed by the State's motion; but even if he had, he still never indicated how the change prejudiced his defense.

■ ■ The court has held that an amendment of an information will be allowed by a court during trial so long as the nature and degree of the crime is not changed and the defendant is not prejudiced through surprise. *McElhanon v. State*, 329 Ark. 261, 948 S.W.2d 89 (1997). Here, the defense counsel's statements made in support of his motion to strike were conclusory, stating that he had not talked to Patrece concerning the amended information, that his entire defense had been changed by the amendment, and that he had been caused great prejudice by the change.

As pointed out by the State, Sophocles's remarks ignored the fact that Patrece, Deborah, and other witnesses who had been involved or had seen the events of May 8, 1995, were known to Sophocles. They had been called and were present to testify on the date of trial. He had sixteen months to talk to Patrece and the other witnesses to learn what their stories would be at trial. In fact, Sophocles was living with Patrece at the time of trial. Moreover, Sophocles never suggested other witnesses or evidence that might be warranted as a result of the State's amendment. Undoubtedly, Sophocles could express little surprise in the State naming Patrece as the victim who was battered since he was well aware that Patrece was the one he had physically injured, not Deborah. In sum, Sophocles's argument falls short of showing he has sustained any surprise or prejudice.[2]

▬▬ In conclusion, we believe if Sophocles suffered any prejudice in presenting a defense, it was of his own doing. Again, Sophocles through his own actions was unavailable for four months prior to trial, making it impossible for his counsel to prepare his defense. He had had a number of continuances, and the trial court had every right to believe Sophocles was trying to stall. The decision to grant or deny a motion to continue is within the sound discretion of the trial court, and such a decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Travis v. State*, 328 Ark. 442, 944 S.W.2d 96 (1997). The trial court was well within its discretion to deny Sophocles's continuance request in the circumstances found here.

---

[2] We note that the General Assembly has enacted a statute, Ark. Code Ann. § 16-85-405(a)(2)(c) (1987) that purports to permit such amendment as the one here. Because Sophocles was not surprised or prejudiced by the State's amendment in this case, we need not rely on it here to sustain the trial judge's ruling. Nonetheless, that provision provides as follows:

(c) Where an offense involves the commission of or an attempt to commit an injury to person or property and is described in other respects with sufficient certainty to identify the act, then *an erroneous allegation as to the person injured, or attempted to be injured is not material*. (Emphasis added.)

*See Sutton v. State*, 163 Ark. 468, 260 S.W.403 (1924).