David KELCH *v*. The Honorable Harold ERWIN

CR 98-255                                                    970 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered June 10, 1998
[Petition for rehearing denied July 9, 1998.]

*Charlie Moyer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Petitioner David Wayne Kelch seeks a writ of prohibition asserting that the trial court is wholly without jurisdiction to try him on charges of manufacturing a controlled substance because his right to a speedy trial has been violated. The trial court denied his motion to dismiss, and we have jurisdiction to consider the issuance of the writ. We decline to issue a writ of prohibition.

Kelch was arrested on March 22, 1996, and was charged on March 26, 1996, with manufacturing a controlled substance, ephedrine, a schedule V drug, in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997). The product allegedly manufactured by Kelch was found in a liquid solution held in two containers in his possession. He pled guilty to the charge on December 2, 1996, and was sentenced on December 5, 1996, to twenty years in the State Department of Correction. On December 18, Kelch petitioned the trial court to withdraw his guilty plea and to vacate the sentence, based on his assertion that he had been misled to believe that the State Crime Lab possessed sufficient proof that the solution in his possession contained the controlled substance, ephedrine, which constituted the basis of the charge of manufacturing a controlled substance. At the January 9, 1997 hearing on the petition, the State chemist testified that the substance found in the container was not ephedrine, but was methcathinone, a schedule I controlled substance. The trial court granted his petition, allowing Kelch to withdraw his guilty plea.

Kelch filed a motion to dismiss on February 7, 1997, alleging a violation of his rights to be protected against double jeopardy. Following the trial court's order denying the motion to dismiss, the State filed an amended felony information on May 23, 1997, charging Kelch under the same statute, Ark. Code Ann. § 5-64-401, for manufacturing methcathinone.

The trial court granted Kelch's motion for a continuance on or about July 8, 1997. The court specified that the time from June

16 to September 8, 1997, would be excluded pursuant to Ark. R. Crim. P. 28.3(d). On August 4, 1997, Kelch filed a motion to dismiss, alleging that his right to a speedy trial had been violated because the State had the responsibility to bring him to trial within one year of the date on which he was arrested for the original criminal episode. The trial court held a hearing, and denied the motion. The trial court suggested that Kelch file a petition for writ of prohibition to this court, and this petition ensued.

A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittendon County*, 316 Ark. 290, 871 S.W.2d 368 (1994). Jurisdiction is the power or authority of the court to act. *Id.* This court has stated that Rule 28.1 of the Arkansas Rules of Criminal Procedure, which is Arkansas's rule governing a defendant's right to a speedy trial, is a jurisdictional rule inasmuch as it requires an accused to be brought to trial within a twelve-month period following arrest, or to be absolutely discharged pursuant to Ark. R. Crim. P. 30.1(a). *Turbyfill v. State*, 312 Ark. 1, 846 S.W.2d 646 (1993). Therefore, a petition for a writ of prohibition is appropriate to prevent a court from exercising a power not authorized by law where there is no other remedy. *Id.* Further, our rules of criminal procedure expressly authorize an accused to bring a petition for writ of prohibition when the trial court denies the accused's motion for dismissal under the speedy-trial rules. *See* Ark. R. Crim. P. 28.1(d).

Pursuant to Rule 28.1, the State has twelve months from the time provided in Rule 28.2 to bring an accused to trial, excluding certain periods of delay authorized under Rule 28.3. The time provided in Rule 28.2 follows:

> The time for trial shall commence running, without demand by the defendant, from the following dates:
>
> (a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or an offense based on the same conduct or arising from the same criminal episode, then the time for trial shall commence running from the time of arrest.

. . .

> (c) if the defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, the time for trial shall commence running from the date of mistrial, order granting a new trial, or remand.

Ark. R. Crim. P. 28.2. Rule 28.2 thus requires a trial to be held within twelve months of the date the charges are filed unless the defendant has been continuously in custody or on bail for the same offense or an offense arising out of the same episode, or unless the court grants a mistrial, a new trial, or allows the accused to withdraw his guilty plea. Ark. R. Crim. P. 28.2(a) and (c); *Kennedy v. State*, 297 Ark. 488, 763 S.W.2d 648 (1989) (holding that an order allowing the withdrawal of a guilty plea is analogous to an order granting a new trial). Once it has been determined that the trial took place outside the speedy-trial period, the State bears the burden of proving that the delay was legally justified. *Wallace v. State*, 314 Ark. 247, 862 S.W.2d 235 (1993).

In this case, the State did not bring Kelch to trial within twelve months from the date that the charge was filed or from the date of his arrest. He was arrested on March 22, 1996, and charges were filed on March 26. At the time that Kelch filed his motion to dismiss for violation of his speedy-trial rights, Kelch had been incarcerated approximately seventeen months, with his trial scheduled to begin about one month later; therefore, he was clearly not brought to trial within twelve months from his arrest or from the date the information was filed.

The State argues that, under Arkansas case law, the delay in bringing Kelch to trial was legally justified because Kelch's withdrawal of his guilty plea acted to start the speedy-trial time running anew when it was granted January 9, 1997. Therefore, without even considering whether any periods of time might be excluded under Ark. R. Crim. P. 28.3, only eight months had run between the date that Kelch's trial was scheduled, September 8, 1997, and the date that the order was filed allowing Kelch to withdraw his guilty plea.

Kelch claims that the withdrawal of his plea could not restart the time for speedy trial because he did not plead guilty to the

charge of manufacturing the controlled substance, methcathinone, the charge that the State had the appropriate proof to substantiate. Rather, he argues that he only pled guilty to manufacturing the controlled substance, ephedrine. Kelch essentially alleges that the amended information filed on May 23, 1997, was not a continuation of the charge to which he had pled guilty, but rather charged a new and different offense that should not be affected by the guilty plea and the subsequent withdrawal of the guilty plea. He urges that the charges of manufacturing the controlled substances that were filed in the information and in the amended information should be considered separate offenses that arose from "the same offense or an offense based on the same conduct or arising from the same criminal episode" pursuant to Ark. R. Crim. P. 28.2(a). Under this argument, Kelch's time for speedy trial would have begun to run from the date of his arrest, March 22, 1996, and a September 1997 trial date would have violated his right to a speedy trial.

█ It is well settled that an order allowing the withdrawal of a plea of guilty has same effect as an order granting a new trial, and the time for trial begins to run anew after the order is entered allowing the withdrawal of a guilty plea. *Nettles v. State*, 303 Ark. 8, 791 S.W.2d 702 (1990) (citing *Kennedy v. State*, 297 Ark. at 489, 763 S.W.2d at 649). In *Kennedy*, this court stated that a defendant gives up certain rights when he pleads guilty to an offense, including the right to a speedy trial. *Kennedy*, 297 Ark. at 489, 763 S.W.2d at 649.

Kelch argues against the State's reliance on *Kennedy* and its progeny by asserting that *Callender v. State*, 263 Ark. 217, 563 S.W.2d 467 (1978), controls in this case. Our holding in *Callender v. State* did not involve the question whether the time for speedy trial commenced upon an order for a new trial, mistrial, or setting aside a guilty plea. Instead, without such an intervening event, we held that the requirement for a speedy trial started with the original criminal episode. *Id.*

In the case before us, the pivotal issue is whether the trial court properly allowed the State to amend the information to conform to the proof demonstrating that methcathinone, rather

than ephedrine, was the controlled substance comprehended in the charge to which Kelch had pled guilty. If the amendment was properly granted, then Kelch's success in withdrawing his guilty plea would clearly start the speedy trial clock anew. Further, if the amendment to the charge was proper and started the time for speedy trial anew upon the entry of the order allowing the withdrawal of Kelch's guilty plea, we need not decide in this case the underlying question whether the entry of a guilty plea and its subsequent withdrawal starts the speedy-trial clock running over again for all offenses that may have been committed during the same criminal episode.

■ Therefore, we next consider whether the amendment of the information was proper. Our standard for amending criminal informations is well settled, and it is consistent with the general rule. The State is entitled to amend the information, including amending to conform to the proof, when the amendment (1) does not change the nature or degree of the crime charged, and (2) the defendant is not prejudiced by unfair surprise. *See, e.g., Lovett v. State,* 330 Ark. 33, 952 S.W.2d 644 (1997) (allowing amendment to change name of victim, stating that the appellant "could express little surprise" since he was well aware of which person he injured); Ark. Code Ann. § 16-85-407; 42 C.J.S. *Indictments and Informations* § 195, at 530-31.

■ This court has specifically expressed that the State may amend an information to conform with the proof, as follows:

> The state is entitled to amend an information to conform to the proof when the amendment does not change the nature or degree of the alleged offense . . . . Such authorization simplifies procedure and eliminates some technical defenses by which an accused might escape punishment . . . . The change sought by the state [amending the information from DWI, fourth offense, to DWI, first offense] would not have changed the nature or degree of the offense but would merely have authorized a less severe penalty.

*Wilson v. State,* 286 Ark. 430, 432, 692 S.W.2d 620, 621 (1985) (quoting *State v. Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984)). In a similar vein, we have also determined that the fact that an amendment authorizes a *more* severe penalty does not change the

nature or degree of the offense, and is therefore permissible. *Kilgore v. State*, 313 Ark. 198, 852 S.W.2d 810 (1993). We have specifically allowed the State to amend an information from a Class D felony to a Class B felony, stating that the appellant was sufficiently apprised of the specific crime with which she was charged to the extent necessary to enable her to prepare her defense, that being all that is required. *Workman v. State*, 267 Ark. 103, 589 S.W.2d 21 (1979).

We have found no error where a trial court allowed the State to amend an information during the trial to conform to the testimony of the chemist, who testified that there was no such drug as "sulfate" pentrobarbital, and that the correct term was "sodium" pentrobarbital. *Washington v. State*, 248 Ark. 318, 319-20, 451 S.W.2d 449, 450 (1970). We concluded that the amendment did not change the nature or degree of the offense and that the defense did not allege prejudice based on surprise or the denial of a request for a continuance based on the change. *Id.*; *see also United States v. Nitti*, 733 F. Supp. 496 (D. Puerto Rico 1990) (holding that an amendment to the information to reflect the correct quantity of cocaine seized was an amendment of form, rather than of substance; quantity of cocaine was not an essential or material element of the charged offense).

Looking to other jurisdictions for guidance, the California Court of Appeal has permitted the State to amend an indictment to substitute "marijuana" for "heroin," on the basis of the court's conclusion that specification of the narcotic that was allegedly sold only "describes the manner in which the law was violated." *People v. Garcia*, 240 Cal. App. 2d 9, 49 Cal. Rptr. 146, 147 (1966); *see also People v. Huerta*, 148 Cal. App. 2d 272, 306 P.2d 505 (1957) (allowing amendment of the indictment from charging the sale of marijuana to charging the sale of heroin); *United States v. Knuckles*, 581 F.2d 305 (2d Cir. 1978), cert. den. 439 U.S. 986 (1978) (affirming jury's conviction of the defendant for the possession with intent to deliver cocaine, although the indictment charged possession with intent to deliver heroin, where the only variance that defense alleged dealt with the exact nature of the

substance, and such variance did not prejudice defendant's ability to defend case).

Under the cases examined above, we conclude that if the guilty plea had not been forthcoming, an amended information to conform to the proof that methcathinone rather than ephedrine had been contained in the chemical solution would have been proper. Here, the entry of the guilty plea, its acceptance by the State, and the entry of the court's judgment and decree resolved all charges relating to the manufacturing of a controlled substance. As we stated in *Kennedy*, the entry of a guilty plea results in significant changes in the status of the parties, and one result is that the defendant's right to a speedy trial is affected by the plea. *Kennedy*, 297 Ark. at 489, 763 S.W.2d at 649. In the circumstances of this case, we recognize that the entry of the guilty plea of manufacturing a controlled substance, ephedrine, and its later withdrawal had the effect of restarting the time for speedy trial on the amended information charging the manufacturing of a controlled substance, methcathinone, at the time of the withdrawal of the guilty plea.

Based on the foregoing analysis, we determine that the State's amendment to the information did not alter the nature or degree of the offense charged and was therefore proper. Kelch was brought to trial within twelve months of the date that the trial court entered the order allowing him to withdraw his guilty plea, and, therefore, his right to a speedy trial was not violated under these circumstances.

Petition denied.