Randy Turrell JOHNSON *v.* STATE of Arkansas

CR 98-1332

989 S.W.2d 525

Supreme Court of Arkansas
Opinion delivered May 13, 1999

*Bart Ziegenhorn*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Randy Turrell Johnson, was convicted of capital murder and conspiracy to commit aggravated robbery and sentenced to life in prison. Mr. Johnson argues three points on appeal: 1) that the trial court erred by considering facts not introduced at the suppression hearing when it denied his motion to suppress the videotaped confession; 2) that the trial court erred in denying his request to redact certain portions of his confession that referenced prior convictions in violation of Ark. R. Evid. 404(b); and 3) that the trial court erred in denying his motion to dismiss the amended charge of conspiracy to commit aggravated robbery as it violated his right to a speedy trial. For the reasons set forth below, we affirm.

On December 21, 1996, Mr. Marvin Meux approached Mr. Johnson about planning a robbery. The two planned to call the victim, who was an acquaintance of Mr. Meux, and lure him over to Mr. Meux's home where Mr. Johnson would rob him at gun-

point. In preparation for the robbery, Mr. Meux and Mr. Johnson went to the home of David Carter where Mr. Meux obtained a 9mm Lama handgun. Mr. Meux then called the victim, Mr. McKinley Arnold, from a pay phone and asked him to come to Mr. Meux's home. When Mr. Arnold arrived in a white Jeep Cherokee, Mr. Meux got in on the passenger side as Mr. Johnson approached the vehicle. Wearing a black ski mask and carrying the gun obtained by Mr. Meux, Mr. Johnson attempted to rob Mr. Arnold. However, Mr. Arnold accelerated his vehicle dragging Mr. Johnson down the street. Mr. Johnson then fired the gun. Mr. Arnold was shot and later died from his wounds.

The homicide investigation eventually led the police to Mr. Johnson, who was in prison awaiting a parole revocation hearing. Mr. Johnson accompanied Detective Allen to the West Memphis Police Station and signed a form waiving his *Miranda* rights. Detective Allen proceeded to question Mr. Johnson about the murder, eventually obtaining a confession which was videotaped.

Mr. Johnson confessed to planning the robbery. Specifically, he admitted that the plan was for Mr. Meux to lure Mr. Arnold to his home, and then for Mr. Johnson to rob him with the gun. According to Mr. Johnson, Mr. Meux obtained the gun from David Carter's home and then called the victim. Mr. Johnson maintained that the shooting was an accident. When Detective Allen asked him how long he had known Mr. Meux, Mr. Johnson explained that he met him while they were both at the penitentiary in 1990. At that time, Mr. Johnson was incarcerated for stealing a car.

By information filed February 20, 1997, Mr. Johnson was charged with capital murder for the death of McKinley Arnold. The State amended the information on April 22, 1998, adding a charge of conspiracy to commit capital murder. On April 28, 1998, the State again amended the information changing the conspiracy charge from conspiracy to commit capital murder to conspiracy to commit aggravated robbery. In the interim between the filing of the original charge and the amendments, a three-month continuance had been granted, which time was charged to

Mr. Johnson pursuant to Ark. R. Crim. P. 28. During a pretrial hearing on April 28, 1998, Mr. Johnson objected to the conspiracy charge on the ground that it violated his right to a speedy trial because it was not filed and tried within twelve months of his arrest on February 18, 1997. The trial court found that the three-month continuance was an excludable period that applied to all of the charges and overruled the objection.

Also during the pretrial hearing on April 28, 1998, the trial court conducted a *Denno* hearing with regard to Mr. Johnson's motion to suppress his confession. Detective Allen testified that he went over each of the *Miranda* rights individually with Mr. Johnson. According to Detective Allen, Mr. Johnson indicated that he understood each right and then initialed and signed the form waiving his *Miranda* rights. Mr. Johnson, on the other hand, testified that he did not intend to waive his rights and only initialed the form as instructed by Detective Allen. Mr. Johnson further testified that he had never been read his rights and was not familiar with them even though he had been arrested five times previously. The trial court found that Mr. Johnson knowingly, voluntarily, and intelligently waived his *Miranda* rights. After denying the motion to suppress, the trial court noted that Mr. Johnson's testimony was completely incredible in light of his assertion that he had never been read his rights despite five prior arrests. The trial court further commented that he was familiar with the county's law enforcement practices and did not believe Mr. Johnson's claim that he had never been read his rights over the course of those five prior arrests.

During the trial, Mr. Johnson objected to the admission of a portion of his confession. Specifically, Mr. Johnson contended that the references to meeting Mr. Meux in the penitentiary and to his conviction for car theft were not admissible under Ark. R. Evid. 404(b) and 403. The trial court determined that this evidence was probative of Mr. Johnson's prior relationship with Mr. Meux, especially as it related to the conspiracy charge, and that its probative value was not substantially outweighed by the danger of unfair prejudice. At the conclusion of the trial, the jury returned

a guilty verdict on both charges and sentenced Mr. Johnson to life in prison without parole on the capital-murder charge and to forty-five years on the conspiracy charge. Mr. Johnson now appeals.

■ Mr. Johnson first contends that the trial court's ruling on the voluntariness of his confession was based on facts not introduced in evidence at the *Denno* hearing, citing the court's comments on its familiarity with law enforcement practices in the county. However, Mr. Johnson failed to object to the trial court's ruling on this issue. We will not review issues raised for the first time on appeal. *Tucker v. State*, 336 Ark. 244, 983 S.W.2d 956 (1999). Thus, Mr. Johnson's first point has not been preserved for review on appeal.

■ ■ Mr. Johnson next contends that the trial court erred in admitting his statements about meeting Mr. Meux in the penitentiary and about his prior conviction for car theft in violation of Ark. R. Evid. 404(b) and 403.

Arkansas Rule of Evidence 404(b) states:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We have noted that the list of exceptions expressed by 404(b) is not an exclusive list, but rather is exemplary of the purposes for which otherwise inadmissible evidence of other crimes, wrongs, or acts would be admissible. *Thrash v. State*, 291 Ark. 275, 726 S.W.2d 283 (1987); *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Such evidence must, however, be independently relevant under Rule 404(b), and the probative value of the evidence must outweigh any danger of unfair prejudice in accordance with Rule 403. *Price v. State*, 268 Ark. 535, 597 S.W.2d 598 (1980). Another crime is "independently relevant" if it tends to prove a material point and is not introduced merely to demonstrate that

the defendant is a criminal. *See Regalado v. State,* 331 Ark. 326, 961 S.W.2d 739 (1998); *Lindsey v. State,* 319 Ark. 132, 890 S.W.2d 584 (1994) (plurality opinion); *White, supra.* The admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Jarrett v. State,* 310 Ark. 358, 833 S.W.2d 779 (1992).

Mr. Johnson's confession states in pertinent part:

LT. ALLEN: How long have you known Marvin Meux?

MR. JOHNSON: I went to the pen with him a long time ago. It was back in '90. I stole a car. I don't know what he did.

In response to further questioning, Mr. Johnson acknowledged that he knew Marvin Meux by sight, and knew his name to be Marvin Meux. The rest of the statement relates in detail how Mr. Johnson and Mr. Meux planned and executed the crime. The challenged statements establish a prior association between Mr. Johnson and Mr. Meux. This evidence of a prior relationship would make a conspiracy to commit a crime more plausible in that two persons who already know each other would be more likely to plan a crime together than would two complete strangers. Thus, the reference to meeting Mr. Meux in the penitentiary had some modicum of independent relevance to the conspiracy charge and was not introduced merely to show that Mr. Johnson was a criminal. Moreover, Mr. Johnson would have been entitled to a limiting instruction on the purpose for which the testimony was introduced, but he failed to request such an instruction. *Regalado, supra; White, supra.* Accordingly, we conclude that the trial court did not abuse its discretion in finding the challenged portions of Mr. Johnson's confession to be independently relevant under Rule 404(b).

■ ■ However, even if independently relevant, evidence of other crimes may still be excluded if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the defendant. Ark. R. Evid. 403. We have previously acknowledged that any reference to a defendant's prior convic-

tions during the guilt phase of a criminal trial results in some prejudice to the defendant. *Kimble v. State,* 331 Ark. 155, 959 S.W.2d 43 (1997); *Davis v. State,* 317 Ark. 592, 879 S.W.2d 439 (1994). As stated above, the evidence in this case of a prior association between Mr. Johnson and Mr. Meux had some modicum of independent relevance to the conspiracy charge. Yet, its probative value was minimal at best when compared with the inherent prejudice that resulted from informing the jury that Mr. Johnson was a convicted felon who had served time in the penitentiary. Under these circumstances, it is clear that the slight probative value of this evidence was substantially outweighed by the danger of unfair prejudice. We therefore conclude that it was an abuse of discretion to admit the challenged portions of Mr. Johnson's confession under Rule 403.

■ We must decide whether the conviction should be reversed because the trial court erred in admitting Mr. Johnson's statement about his prior conviction and incarceration. When the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm. *Barr v. State,* 336 Ark. 220, 984 S.W.2d 792 (1999); *Greene v. State,* 317 Ark. 350, 878 S.W.2d 384 (1994). We apply this standard of review to evidentiary rulings made in the guilt phase of capital cases. *See Johnson v. State,* 308 Ark. 7, 823 S.W.2d 800 (1992).

■ A detailed review of the evidence reveals that Mr. Johnson confessed to the crime, and that the substantive details of that confession were corroborated by the testimony of other witnesses. For example, Mr. Johnson's statement that Mr. Meux called the victim from a pay phone on Sixteenth Street was corroborated by the testimony of Detective Allen and Mr. Arnold's sister, Ms. Annie Ruth Clark, who confirmed that the last number recorded on the victim's caller identification was from the Sixteenth Street pay phone. Another witness, Eddie Overstreet, testified that Mr. Meux appeared at David Carter's residence on the morning of the murder and obtained a Lama 9-mm handgun. This was also consistent with Mr. Johnson's confession. Additionally, the police found the murder weapon in the possession of a

Mr. Kenyatta Cotton. Mr. Johnson admitted in his confession that he sold the gun to Mr. Cotton after the murder. Finally, the medical evidence was consistent with Mr. Johnson's description of how the shooting occurred. Based upon the evidence of guilt in this case, including most significantly Mr. Johnson's own confession of his involvement and guilt, we hold that the trial court's error in admitting Mr. Johnson's statement about his felony conviction and incarceration was slight when compared with the overwhelming evidence of Mr. Johnson's guilt on the charges of conspiracy and felony-capital murder. Accordingly, we hold that the error was harmless and affirm.

■ For his final point on appeal, Mr. Johnson asserts that Count II of the amended information, or the conspiracy charge, violates his right to a speedy trial because it was not filed or tried within twelve months of his arrest. As an extension of this argument, Mr. Johnson asserts that the three-month continuance granted prior to the filing of the conspiracy charge and charged to him as an excludable period under Ark. R. Crim. P. 28.3 applied only to his capital-murder charge and not to his conspiracy charge. Mr. Johnson presents no citation to authority and makes no convincing argument in support of his assertion. We have often stated that we will not consider assignments of error on appeal which are unsupported by convincing argument or authority unless it is apparent without further research that they are well taken. *Barr, supra; Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998); *Williams v. State*, 325 Ark. 432, 930 S.W.2d 297 (1996). We would not address this point of appeal but for our Rule 4-3(h), which requires that we examine the record of trial in life imprisonment cases and review all errors prejudicial to the appellant. Even so, we reject Mr. Johnson's argument because it is without merit.

■ ■ Mr. Johnson's interpretation of the speedy-trial requirement is inconsistent with the language of the rule itself, Ark. R. Crim. P. 28.2, which provides in pertinent part:

> The time for trial shall commence running, without demand from the defendant, from the following dates:

(a) from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense *or an offense based on the same conduct or arising from the same criminal episode*, then the time for trial shall commence running from the date of arrest.

(Emphasis added.) Rule 28.2 contemplates that the clock for speedy-trial purposes begins to run from the date of the arrest for all charges stemming from the same criminal episode, irrespective of when any charge is filed. The offenses here arose from the same criminal episode. It logically follows that any excludable periods under Ark. R. Crim. P. 28.3 must be figured into the speedy-trial calculation and applied to all charges stemming from the same criminal episode for which the original arrest was made. Otherwise, the prosecutor would be forced to calculate a different speedy-trial period for each charge filed and try the most recently filed charge first, thereby producing an illogical result. We therefore conclude that the three-month continuance granted to Mr. Johnson was properly excluded from the speedy-trial calculation on the conspiracy charge and affirm the trial court on this point as well.

The record has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) and it has been determined that there are no errors with respect to rulings on objections or motions prejudicial to Mr. Johnson not discussed above. Because we hold that the trial court's error in admitting Mr. Johnson's statement about his felony conviction and commitment to the penitentiary was harmless, we affirm.

Affirmed.