2012 Ark. 144

**Julian RUEDA, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–366.**

Supreme Court of Arkansas.

April 5, 2012.

J. Brooks Wiggins, North Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., Laura Shue, Asst. Atty. Gen., Little Rock. for appellee.

PAUL E. DANIELSON, Justice.

Appellant Julian Rueda appeals from the circuit court's order denying his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009). His sole point on appeal is that the circuit court erred in finding that his trial counsel did not render ineffective assistance of counsel by failing to file a motion to dismiss asserting a speedy-trial violation. We affirm the circuit court's order.

As the result of a controlled drug buy, Rueda was arrested on July 24, 2006. On October 31, 2006, an information was filed charging Rueda with two offenses: delivery of a controlled substance—methamphetamine and possession of drug paraphernalia. The State later amended the information on October 4, 2007, adding the offense of possession with intent to deliver a controlled substance—methamphetamine. Following a jury trial, Rueda was convicted of all three offenses and was sentenced to a total of 600 months' imprisonment. He appealed his convictions and sentence, and the court of appeals affirmed. See Rueda v. State, 2009 Ark. App. 121, 2009 WL 475969 (unpublished).

Following the denial of his motion for leave to file an enlarged petition, Rueda filed his pro se petition for postconviction relief, in which he asserted ten claims: (1) trial counsel was ineffective for failing to file for a dismissal of the charges against him based on a violation of his right to a speedy trial and his right to due process by way of unfair prejudice; (2) trial counsel was ineffective for failing to conduct pretrial investigation; (3) trial counsel was ineffective for failing to object to state-ments by the prosecutor made during closing argument; (4) trial counsel was ineffective for failing to procure a certified interpreter for all critical stages of the proceedings against him; (5) trial counsel was ineffective in failing to advise him of a plea offer; (6) trial counsel was ineffective for failing to prepare and present mitigating evidence during sentencing; (7) his right to due process was violated by prosecutorial misconduct; (8) trial counsel was ineffective for failing to question witnesses relevant to his defense; (9) trial counsel failed to inform him of a new charge against him until the day before trial; and (10) trial counsel was ineffective for failing to object to the circuit court's order of consecutive sentences based solely upon his taking the stand and exercising his right to testify. The State responded to each of Rueda's allegations and asked the circuit court to deny the petition.

The record indicates that Rueda's family retained counsel for him, and the circuit court granted Rueda's motion for leave to file pretrial briefs. Both Rueda and the State filed pretrial briefs on the issue of speedy trial, and on January 28, 2010, the circuit court held a hearing on the issue. At the conclusion of the hearing, the circuit court ruled from the bench in Rueda's favor. The State subsequently filed a motion for reconsideration of the circuit court's ruling, citing to the circuit court a prior decision it had made in another defendant's case.

A hearing on Rueda's remaining claims was held on December 15, 2010, at the beginning of which the circuit court signed an order denying Rueda's petition for postconviction relief on his allegation of ineffective assistance of counsel based on the failure to file a motion to dismiss for speedy trial, which the circuit court later

filed of record on December 20, 2010.[1] The circuit court then heard testimony on Rueda's claim that trial counsel failed to communicate plea offers to him, and it denied each of the remaining allegations made by Rueda in his petition. On January 13, 2011, the circuit court entered its final order denying Rueda's petition and making findings on each allegation raised. Rueda now appeals.

For his sole point on appeal, Rueda argues that the circuit court erred in denying his claim of ineffective assistance of counsel premised on trial counsel's failure to seek a dismissal of the possession-with-intent charge based on a violation of speedy trial. He contends that any excludable periods of time must come *after* the filing of the amended information charging that crime, as previously excluded periods relating to other charges stemming from the same criminal episode cannot be used to count against a subsequent charge. Rueda urges this court to reexamine its holding in *Johnson v. State*, 337 Ark. 477, 989 S.W.2d 525 (1999), as he claims a circuit court has no jurisdiction to apply excludable periods of delay to a charge not previously filed. He contends that where there was no information yet filed on the possession-with-intent charge at the time the circuit court entered its orders of continuance charging the time against him, the circuit court lacked jurisdiction to apply those excludable periods to the newly charged offense once filed. He avers that because his trial counsel failed to file a motion to dismiss on this basis, which he alleges would have had merit, trial counsel was ineffective.

The State counters Rueda's argument, asserting that pursuant to Rule 28.2 of the Arkansas Rules of Criminal Procedure, the time for speedy trial began to run at the time of Rueda's arrest, irrespective of when any charge was filed. It urges that the time for trial commenced to run on the charge at issue from the date of arrest because all three charges arose out of the same criminal episode. Because the excludable periods constituting 155 days rendered Rueda's trial timely, the State maintains, a motion to dismiss, had one been filed by Rueda's trial counsel, would have lacked merit. For that reason, the State urges, the circuit court did not err in finding that Rueda's trial counsel did not render ineffective assistance of counsel.[2]

We will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *See Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See id.*

Claims of ineffective assistance of counsel are reviewed under the standard of review set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

1. It appears, according to the statements of the parties, a review of the circuit court's final order, and the supplemental record, that an unrecorded telephone conference in chambers was had on September 24, 2010, the result of which was that the circuit court addressed the State's motion for reconsideration and notified the parties that it was overruling its prior ruling of January 28.

2. While the State also asserts in its jurisdictional statement that this court lacks jurisdiction to hear the instant appeal due to an untimely notice of appeal by Rueda, its assertion is without merit. Our review of the record reveals that Rueda filed a timely notice of appeal from the circuit court's final order denying postconviction relief in accord with Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2011).

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

*Burton v. State*, 367 Ark. 109, 111, 238 S.W.3d 111, 113 (2006) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052). Thus, a defendant must first show that counsel's performance fell below an objective standard of reasonableness and then that counsel's errors actually had an adverse effect on the defense. *See id.* In our review, this court indulges in a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.* The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *See id.* The petitioner must show that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt

and that the decision reached would have been different ⎣₆absent the errors. *See id.*

Here, Rueda asserts that had his trial counsel moved for dismissal of the possession-with-intent charge against him, the charge would have been dismissed due to the fact that the information was not filed until 435 days after his arrest. We disagree and hold that the circuit court did not clearly err in finding that Rueda's trial counsel was not ineffective for failing to file a motion to dismiss based on speedy trial.

Arkansas Rule of Criminal Procedure 28.1(c) (2006) provided that any defendant charged after October 1, 1987, in circuit court and held to bail, or otherwise lawfully set at liberty, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve months from the time provided in Ark. R.Crim. P. 28.2, excluding only those periods set forth in Ark. R.Crim. P. 28.3.[3] Rule 28.2, as it provided in 2006, stated:

(a) The time for trial shall commence running from the date the charge is filed, except that if prior to that time the defendant has been continuously held in custody or on bail or lawfully at liberty to answer for the same offense or *an offense based on the same conduct or arising from the same criminal episode*, then the time for trial shall commence running from the date of arrest.

Ark. R.Crim. P. 28.2(a) (2006) (emphasis added).

██ It is well settled that once a defendant establishes that his or her trial took place outside of the applicable speedy-trial period, he or she has established a prima facie case of a speedy-trial violation, and the State then bears the burden of show-

---

**3.** In examining ineffective-assistance claims relating to assertions of speedy trial, we apply the versions of Rules 28.1 through 28.3 in effect at the time of the appellant's trial. *See Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001).

ing that the delay was the result of the defendant's conduct or was otherwise justified. *See Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007). An examination of the instant record reveals that Rueda was arrested on July 24, 2006, and was tried on all three charges against him on October 9, 2007. By this court's calculations, 442 days elapsed between the date of Rueda's arrest and trial. Therefore, had Rueda's counsel moved to dismiss on speedy-trial grounds, a prima facie case of a speedy-trial violation would have been made, and the burden would have shifted to the State to show the delay was the result of Rueda's conduct or was otherwise justified. Whether Rueda's trial counsel was ineffective, then, depends on whether the State would have been able to prove that there were excluded periods sufficient to bring Rueda's trial within the one-year period. *See Camargo*, 346 Ark. 118, 55 S.W.3d 255.

In this case, the State pointed to orders of the circuit court setting out four periods of time, totaling 155 days and charged against Rueda: September 27, 2006 through November 1, 2006; January 11, 2007 through February 28, 2007; February 28, 2007 through March 12, 2007; and August 13, 2007 through October 9, 2007. Those four periods of time, when excluded from the 442–day period, left 287 days, which was well within the one-year period of speedy trial.

The problem with such an analysis, according to Rueda, is that those periods of time were excluded and charged against him prior to the filing of the possession-with-intent charge. Rueda claims that because the possession-with-intent charge was not filed until October 4, 2007, the circuit court did not have jurisdiction over that charge until then. Therefore, he asserts, the circuit court was precluded from counting any excludable periods of time, relating to his other charges and occurring

before that date, when calculating the time for speedy trial on the possession-with-intent charge. Rueda's argument, however, is not well taken.

This court has previously held that the version of Rule 28.2 at issue "contemplates that the clock for speedy-trial purposes begins to run from the date of the arrest for all charges stemming from the same criminal episode, irrespective of when any charge is filed." *Johnson*, 337 Ark. at 486, 989 S.W.2d at 529. In *Johnson*, the appellant was initially charged with capital murder and received a three-month continuance with the time charged to him. *See id.* The State then amended the information twice, ultimately adding the charge of conspiracy to commit aggravated robbery. *See id.* Johnson objected to the conspiracy charge, arguing that it violated his right to speedy trial in that it was not filed or tried within twelve months of his arrest. *See id.* The circuit court disagreed, finding that the three-month continuance was an excludable period that applied to all of the charges. *See id.*

On appeal, Johnson contended that the three-month continuance granted prior to the filing of the conspiracy charge applied only to his capital-murder charge and not the charge of conspiracy. *See id.* In rejecting Johnson's contention, this court noted that his interpretation of the speedy-trial requirement was inconsistent with the language of the rule itself. *See id.* Observing that Johnson's offenses arose from the same criminal episode, this court held that any excludable periods under Rule 28.3 must be figured into the speedy-trial calculation and "applied to all charges stemming from the same criminal episode for which the original arrest was made." *Id.* at 486, 989 S.W.2d at 529. Accordingly, following the precedent of *Johnson*, the excludable periods of time charged against Rueda prior to the filing of the posses-

sion-with-intent charge also applied to it, as it is undisputed that each of the offenses with which Rueda was charged arose from the same criminal episode that occurred on the day of his arrest.[4]

 While Rueda urges this court to overrule *Johnson* because the reasoning therein failed to take into consideration his jurisdictional argument, we are not so inclined. Jurisdiction is the power or authority of the court to act. *See Kelch v. Erwin*, 333 Ark. 567, 970 S.W.2d 255 (1998). At the time of the State's filing of the amended information adding the possession-with-intent charge, jurisdiction was already vested with the circuit court by virtue of the State's original information against Rueda. *See, e.g., Walker v. State*, 309 Ark. 23, 827 S.W.2d 637 (1992) (observing that the circuit court acquired jurisdiction of the subject matter when the charge was filed). Moreover, it is axiomatic that the State is entitled to amend an information at any time prior to the case being submitted to the jury as long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *See Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006). Here, the State merely amended the original information, which had already conferred jurisdiction on the circuit court, and no jurisdictional defect was present.

We have held that trial counsel cannot be held ineffective for failing to make a speedy-trial argument that is without merit. *See Matthews v. State*, 2011 Ark. 397, 2011 WL 4492237 (per curiam). Because any motion to dismiss based on speedy trial would have lacked merit, trial

counsel was not ineffective for failing to make such a motion. For this reason, the circuit court did not clearly err in denying Rueda postconviction relief on this issue, and we affirm the circuit court's order.

Affirmed.

---

4. Rueda urges that this court's decision in *Callender v. State*, 263 Ark. 217, 563 S.W.2d 467 (1978), instead governs, but his reliance is misplaced. In *Callender*, this court granted the petitioners a writ of prohibition barring their trial on additional charges brought in an amended information. However, this court made clear in its opinion that it was not "demonstrated that there were any excludable periods of delay chargeable to the petitioners under Rule 28.3." 263 Ark. at 220, 563 S.W.2d at 468. Periods of delay chargeable to Rueda were demonstrated in the instant case.