Cite as 2014 Ark. 257

# SUPREME COURT OF ARKANSAS

No. CR-14-221

| | | |
|---|---|---|
| | | **Opinion Delivered**   May 29, 2014 |
| DWIGHT L. FORD | APPELLANT | APPELLANT'S PRO SE MOTION TO SUPPLEMENT RECORD [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-82-1187, 60CR-82-1188, 60CR-82-1189] |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT WRIGHT, JR., JUDGE |
| | | APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

In 1982, appellant Dwight L. Ford entered a plea of guilty to three counts of aggravated robbery and two counts of rape and was sentenced to five concurrent terms of life imprisonment. He subsequently filed in the trial court a petition for postconviction relief seeking to withdraw the pleas. The trial court treated the petition as a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1982) and denied relief after holding a hearing. We affirmed. *Ford v. State*, CR-85-22 (Ark. May 13, 1985) (unpublished per curiam) (original docket no. CACR 85-22).

In 2013, appellant filed another petition for postconviction relief in the trial court, seeking to have the judgment rendered in 1982 declared void under Rule 37.1. In the petition, appellant alleged that the judgment was a nullity on the ground that the trial court did not have jurisdiction to enter the judgment because (1) he was "serving juvenile parole status" for a prior offense when he was charged with the five felony offenses and the "juvenile court had not released its jurisdiction"; and (2) he was a juvenile when accused of the felony offenses and the

court erred in not holding a juvenile-transfer hearing but instead sentenced him to five concurrent life sentences.[1] The trial court denied the Rule 37.1 petition, and appellant lodged an appeal here from the order. He now seeks by motion to supplement the record on appeal.

As it is clear from the record that appellant could not prevail on appeal, the appeal is dismissed. The motion is moot. An appeal from an order that denied a petition for postconviction relief under Rule 37.1 will not be permitted to go forward where it is clear that there is no merit to the appeal. *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987).

Rule 37.1, as it applies to a petitioner whose judgment was entered before July 1, 1989, provides that a petition under the Rule is untimely if not filed within three years of the date of commitment unless the petitioner states some ground for relief which, if found meritorious, would render the judgment of conviction absolutely void, i.e. a complete nullity. *Halfacre v. State*, 2010 Ark. 377 (per curiam); *Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Collins v. State*, 271 Ark. 825, 611 S.W.2d 182 (1981) (per curiam), *cert. denied* 452 U.S. 973 (1981). Even trial error of constitutional dimension, if not sufficient to void the judgment, does not warrant granting relief under the Rule when the issue was raised, or could have been raised, at trial and, if applicable, on the record on appeal. *Taylor v. State*, 297 Ark. 627, 764 S.W.2d 447 (1989) (per curiam). The onus is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction. *Travis*, 286 Ark. 26, 688 S.W.2d 935.

Neither of the claims advanced by appellant in his Rule 37.1 petition was sufficient to

---

[1]To the extent appellant is seeking relief pursuant to *Graham v. Florida*, 560 U.S. 48 (2010), this claim would be appropriate in a petition for writ of habeas corpus rather than an untimely Rule 37.1 petition. *See Hobbs v. Turner*, 2014 Ark. 19, ___ S.W.3d ___.

SLIP OPINION

establish that judgment entered in his case was a complete nullity on the ground that the trial court lacked jurisdiction in the case. First, this court has held that the failure of the trial court to hold a juvenile-transfer hearing in a case does not, in itself, render a judgment of conviction void. *Morgan v. State*, 2011 Ark. 377 (per curiam). Appellant raised the same issue in a petition for writ of habeas corpus filed in 1993. The petition was denied, and this court affirmed the order, holding that neither that issue, nor any other allegation raised by appellant in the habeas petition, demonstrated that the trial court lacked jurisdiction to render the judgment. *Ford v. State*, CR-93-841 (Ark. Nov. 22, 1993) (unpublished per curiam).

With respect to appellant's allegation that the trial court did not have jurisdiction over the case on the ground that he was still within the jurisdiction of the juvenile court on prior charges, appellant's claim lacked cogent, persuasive argument to establish that his "juvenile parole status" had any effect on the trial court's jurisdiction over the separate felony charges to which he ultimately pled guilty. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Henderson v. State*, 2014 Ark. 180. Jurisdiction was vested with the circuit court by virtue of the State's felony information filed against appellant. *See Rueda v. State*, 2012 Ark. 144 , 400 S.W.3d 226; *Walker v. State,* 309 Ark. 23, 827 S.W.2d 637 (1992) (observing that the trial court acquired jurisdiction of the subject matter when the charge was filed). It was appellant's burden under Rule 37.1 to show that the trial court in his case lacked subject-matter jurisdiction to hear and determine his case involving violations of criminal statutes. He did not meet that burden. *See Hill v. State*, 2014 Ark. 57 (per curiam) (holding that, when the petitioner is required to file his petition under the Rule within three years of the date of commitment, the

burden is on the petitioner to establish that there is a ground sufficient to void the judgment of conviction; otherwise, the petition is considered untimely filed); *see also Munnerlyn v. State*, 2013 Ark. 339 (per curiam).

Appeal dismissed; motion moot.

*Dwight L. Ford*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.